# EXHIBIT A

FILED
11/5/2019 2:58 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH12856

7244196

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| ELLIOTT OSBORNE, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| WEWORK COMPANIES INC., WEWORK CONSTRUCTION LLC, WW 210 N GREEN LLC d/b/a WEWORK, 332 S MICHIGAN TENANT LLC d/b/a WEWORK GRANT PARK, WW 111 WEST ILLINOIS LLC d/b/a WEWORK RIVER NORTH, 20 W KINZIE TENANT LLC d/b/a WEWORK4, 100 S STATE STREET TENANT LLC d/b/a WEWORK5, 125 S CLARK STREET TENANT LLC d/b/a WEWORK6, 222 S RIVERSIDE PLAZA TENANT LLC d/b/a WEWORK8, 330 NORTH WABASH TENANT LLC d/b/a WEWORK9, 515 N STATE STREET TENANT LLC d/b/a WEWORK10, 1 SOUTH DEARBORN STREET TENANT LLC d/b/a WEWORK11, 625 WEST ADAMS STREET TENANT LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 2019CH12856

## CLASS ACTION COMPLAINT

Plaintiff Elliott Osborne ("Osborne" or "Plaintiff"), by and through his attorneys, individually and on behalf of all others similarly situated (the "Class"), brings the following Class Action Complaint ("Complaint") pursuant to the Illinois Code of Civil Procedure, 735 ILCS §§ 5/2-801 and 2-802, against WeWork Companies Inc., WeWork Construction LLC, WW 210 N Green LLC d/b/a WeWork, 332 S Michigan Tenant LLC d/b/a WeWork Grant Park, WW 111 West Illinois LLC d/b/a WeWork River North, 20 W Kinzie Tenant LLC d/b/a WeWork4, 100 S

State Street Tenant LLC d/b/a WeWork5, 125 S Clark Street Tenant LLC d/b/a WeWork6, 222 S Riverside Plaza Tenant LLC d/b/a WeWork8, 330 North Wabash Tenant LLC d/b/a WeWork9, 515 N State Street Tenant LLC d/b/a WeWork10, 1 South Dearborn Street Tenant LLC d/b/a WeWork11, 625 West Adams Street Tenant LLC, (collectively, "WeWork" or "Defendants"), their subsidiaries and affiliates, to redress and curtail Defendants' unlawful collection, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric data. Plaintiff alleges as follows upon personal knowledge as to himself, his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. WeWork is a commercial real estate company that rents shared workspaces and short-term offices to startups, freelancers and, global corporations including Amazon, Facebook, Bank of America, and Starbucks.

2. WeWork markets itself as the future of white-collar labor and attracts its tenants by providing hip, fashionably-decorated office spaces that feature state-of-the-art technology.

3. Some of the high-tech features WeWork uses in its offices include sensors and facial recognition software that enable it to "track how its office space is used, down to data as granular as how [workers] adjust their desks and what parts of the office see the highest foot traffic." *WeWork's $47 Billion Dream: The Lavishly Funded Startup That Could Disrupt Commercial Real Estate*, CB Insights (Oct. 22, 2019), *available at* https://www.cbinsights.com/research/report/wework-strategy-teardown/.

4. WeWork has also expressed interest in using facial recognition and sentiment analysis as "an extra level of building security or to 'turbo-charge' its community managers" by giving WeWork space managers notification that "someone new has just entered the building."

Victoria Turk, *How WeWork became the most hyped startup in the world*, Wired (Oct. 22, 2019), *available at* https://www.wired.co.uk/article/we-work-startup-valuation-adam-neumann-interview.

5.      When an individual, including Plaintiff, arrives at a WeWork office space, he or she is enrolled in WeWork's facial recognition database(s) using a previously provided photo or scan of his or her facial geometry. Upon information and belief, Defendants use the facial recognition database(s) to monitor individuals in their office spaces.

6.      While many commercial offices use conventional methods for building security (such as ID badges), individuals entering WeWork's office spaces are required to provide their facial geometry via a photograph or facial geometry scan so that WeWork can track their movement in and out of the office.

7.      Biometrics are not relegated to esoteric corners of commerce. Many businesses – such as WeWork – and financial institutions have incorporated biometric applications into their workplace in the form of biometric timeclocks or authenticators, and into consumer products, including such ubiquitous consumer products as checking accounts and cell phones.

8.      Unlike ID badges – which can be changed or replaced if stolen or compromised – facial geometry features are unique, permanent biometric identifiers associated with each individual. This exposes Illinois citizens to serious and irreversible privacy risks. For example, if a database containing facial geometry or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed – like in the recent Yahoo, eBay, Equifax, Uber, Home Depot, MyFitnessPal, Panera, Whole Foods, Chipotle, Omni Hotels & Resorts, Trump Hotels, Facebook/Cambridge Analytica, and Suprema data breaches or misuses – individuals have ***no***

means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

9.     In 2015, a data breach at the United States Office of Personnel Management exposed the personal identification information, including biometric data, of over 21.5 million federal employees, contractors, and job applicants. U.S. Off. of Personnel Mgmt., *Cybersecurity Incidents* (2018), *available at* www.opm.gov/cybersecurity/cybersecurity-incidents.

10.    An illegal market already exists for biometric data. Hackers and identity thieves have targeted Aadhaar, the largest biometric database in the world, which contains the personal and biometric data – including handprints, iris scans, and facial photographs – of over a billion Indian citizens. *See* Vidhi Doshi, *A Security Breach in India Has Left a Billion People at Risk of Identity Theft*, The Washington Post (Jan. 4, 2018), *available at* https://www.washingtonpost.com/news/worldviews/wp/2018/01/04/a-security-breach-in-india-has-left-a-billion-people-at-risk-of-identity-theft/?utm_term=.b3c70259f138.

11.    In January 2018, an Indian newspaper reported that the information housed in Aadhaar was available for purchase for less than $8 and in as little as 10 minutes. Rachna Khaira, *Rs 500, 10 Minutes, and You Have Access to Billion Aadhaar Details*, The Tribune (Jan. 4, 2018), *available at* http://www.tribuneindia.com/news/nation/rs-500-10-minutes-and-you-have-access-to-billion-aadhaar-details/523361.html.

12.    In August 2019, it was reported that South Korean biotechnology company Suprema experienced a hack of its Biostar 2 platform, which exposed the fingerprint and facial recognition data of over one million people to Israeli hackers. Chris Baraniuk, *Biostar Security Software 'Leaked a Million Fingerprints'*, BBC News (Aug. 14, 2019), available at https://www.bbc.com/news/technology-49343774.

4

13.     In the United States, law enforcement, including the Federal Bureau of Investigation and Immigration and Customs Enforcement, have attempted to turn states' Department of Motor Vehicles databases into biometric data goldmines, using facial recognition technology to scan the faces of thousands of citizens, all without their notice or consent. Drew Harwell, *FBI, ICE Find State Driver's License Photos Are a Gold Mine for Facial-Recognition Searches*, The Washington Post (July 7, 2019), *available at* https://www.washingtonpost.com/technology/2019/07/07/fbi-ice-find-state-drivers-license-photos-are-gold-mine-facial-recognition-searches/?noredirect=on&utm_term=.da9afb2472a9.

14.     This practice has been criticized by lawmakers. Some states, including Illinois, have refused to comply with law enforcement's invasive requests. *State Denying Facial Recognition Requests*, Jacksonville Journal-Courier (July 9, 2019), *available at* https://www.myjournalcourier.com/news/article/State-denying-facial-recognition-requests-14081967.php.

15.     Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, specifically to regulate companies that collect, store and use Illinois citizens' biometrics, such as facial features.

16.     Notwithstanding the clear and unequivocal requirements of the law, each Defendant disregards individuals' statutorily protected privacy rights and unlawfully collect, store, disseminate, and use individuals' biometric data in violation of BIPA. Specifically, each Defendant has violated and continues to violate BIPA because it did not and continues not to:

     a.    Properly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their facial geometry was being collected, stored, and used, as required by BIPA;

b. Publish a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and other similarly-situated individuals' facial geometry, as required by BIPA;

c. Receive a written release from Plaintiff and others similarly situated to collect, store, disseminate, or otherwise use their facial geometry, as required by BIPA; and

d. Obtain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate their facial geometry to a third party as required by BIPA.

17. Accordingly, Plaintiff, on behalf of himself as well as the putative Class, seeks an Order: (1) declaring that Defendants' conduct violates BIPA; (2) requiring Defendants to cease the unlawful activities discussed herein; and (3) awarding statutory damages to Plaintiff and the proposed Class.

## PARTIES

18. Plaintiff Elliott Osborne is a natural person and a citizen of the State of Illinois.

19. Defendant WeWork Companies Inc. is a Delaware corporation that is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including Cook County.

20. Defendant WeWork Construction LLC is a New York limited liability company that is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including Cook County.

21. Defendant WW 210 N Green LLC d/b/a WeWork is a New York limited liability company that is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including Cook County.

22.     Defendant 332 S Michigan Tenant LLC d/b/a WeWork Grant Park is a New York limited liability company that is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including Cook County.

23.     Defendant WW 111 West Illinois LLC d/b/a WeWork River North is a New York limited liability company that is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including Cook County.

24.     Defendant 20 W Kinzie Tenant LLC d/b/a WeWork 4 is a New York limited liability company that is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including Cook County.

25.     Defendant 100 S State Street Tenant LLC d/b/a WeWork5 is a New York limited liability company that is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including Cook County.

26.     Defendant 125 S Clark Street Tenant LLC d/b/a WeWork 6 is a New York limited liability company that is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including Cook County.

27.     Defendant 222 S Riverside Plaza Tenant LLC d/b/a WeWork8 is a New York limited liability company that is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including Cook County.

28.     Defendant 330 North Wabash Tenant LLC d/b/a WeWork9 is a New York limited liability company that is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including Cook County.

29.     Defendant 515 N State Street Tenant LLC d/b/a WeWork 10 is a New York limited liability company that is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including Cook County.

30.     Defendant 1 South Dearborn Street Tenant LLC d/b/a WeWork 11 is a New York limited liability company that is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including Cook County.

31.     Defendant 625 West Adams Street Tenant LLC is a New York limited liability company that is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including Cook County.

## JURISDICTION AND VENUE

32.     This Court has jurisdiction over Defendants pursuant to 735 ILCS § 5/2-209 because Defendants conduct business transactions in Illinois, committed the statutory violations alleged herein in Cook County and throughout Illinois, and are registered to and do conduct business in Illinois.

33.     Venue is proper in Cook County because Defendants conduct business in this State, conduct business transactions in Cook County, and committed the statutory violations alleged herein in Cook County.

## FACTUAL BACKGROUND

**I.      The Biometric Information Privacy Act.**

34.     In the early 2000s, major national corporations started using Chicago and other locations in Illinois to test "new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS

§ 14/5(c). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing yet unregulated technology. *See* 740 ILCS § 14/5.

35.     In late 2007, a biometrics company called Pay by Touch, which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions, filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records – which, like other unique biometric identifiers, can be linked to people's sensitive financial and personal data – could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who used that company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that their unique biometric identifiers could now be sold to unknown third parties.

36.     Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS 14/5.

37.     Additionally, to ensure compliance, BIPA provides that, for <u>each</u> violation, the prevailing party may recover $1,000 or actual damages, whichever is greater, for negligent violations and $5,000, or actual damages, whichever is greater, for intentional or reckless violations. 740 ILCS 14/20.

38.     BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things, collect, capture, purchase, receive through trade, or

otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

    a. Informs the subject in writing that a biometric identifier or biometric information is being collected, stored or used;

    b. Informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

    c. Receives a written release executed by the subject of the biometric identifier or biometric information.

*See* 740 ILCS 14/15(b).

39. BIPA specifically applies to employees who work in the State of Illinois. BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS 14/10.

40. Biometric identifiers include retina and iris scans, voiceprints, fingerprints and handprints, and – most importantly here – facial geometry. *See* 740 ILCS 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *Id.*

41. BIPA also establishes standards for how companies must handle Illinois citizens' biometric identifiers and biometric information. *See, e.g.,* 740 ILCS 14/15(c)-(d). For example, BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for such disclosures. *See* 740 ILCS 14/15(d)(1).

42. BIPA also prohibits selling, leasing, trading, or otherwise profiting from a person's biometric identifiers or biometric information (740 ILCS 14/15(c)) and requires companies to develop and comply with a written policy – made available to the public – establishing a retention

schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS 14/15(a).

43.    The Illinois legislature enacted BIPA due to the increasing use of biometric data in financial and security settings, the general public's hesitation to use biometric information, and – most significantly – the unknown ramifications of biometric technology. Biometrics are biologically unique to the individual and, once compromised, an individual is at a heightened risk for identity theft and left without any recourse.

44.    BIPA provides individuals with a private right of action, protecting their right to privacy regarding their biometrics. BIPA also protects individuals' rights to know the precise nature for which their biometrics are used and how they are being stored and ultimately destroyed, allowing individuals to make a truly informed choice. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, use, and disseminate biometrics and creates a private right of action for lack of statutory compliance.

45.    Plaintiff, like the Illinois legislature, recognizes how imperative it is to keep biometric information secure. Biometric information, unlike other personal identifiers such as a social security number, cannot be changed or replaced if hacked or stolen.

**II.    Defendants Violate the Biometric Information Privacy Act.**

46.    By the time BIPA passed through the Illinois Legislature in mid-2008, most companies who had experimented with using employees' biometric data stopped doing so.

47.     However, WeWork failed to take note of the shift in Illinois law governing the collection, use, storage, and dissemination of biometric data. As a result, each Defendant continues to collect, store, use and disseminate individuals' biometric data in violation of BIPA.

48.     Specifically, when individuals arrive at a WeWork office space, each Defendant requires them to have their facial geometry scanned to enroll them in WeWork's database(s).

49.     Upon information and belief, WeWork uses this facial geometry data to monitor individuals in its offices.

50.     Each Defendant fails to inform individuals of the purposes and duration for which it collects, stores, and uses their facial geometry data; fails to inform individuals that it discloses or disclosed their facial geometry data to at least one out-of-state third-party vendor that supplied WeWork with and maintains its biometric database(s), as well as currently unknown third parties, which host the biometric data in their data centers; and, fails to obtain written releases from individuals before collecting their facial geometry, as required by BIPA.

51.     At no time did WeWork secure written releases from individuals before collecting their facial geometry.

52.     Furthermore, each Defendant fails to publish a written, publicly available policy identifying their retention schedule and guidelines for permanently destroying individuals' facial geometry data when the initial purpose for collecting or obtaining their facial geometry is no longer relevant, as required by BIPA.

53.     The Pay by Touch bankruptcy that catalyzed the passage of BIPA, as well as the recent data breaches, highlight why such conduct – where individuals are aware that they are providing biometric data, but not aware of to whom or for what purposes they are doing so – is dangerous. This bankruptcy spurred Illinois citizens and legislators into realizing that it is crucial

12

for individuals to understand when providing biometric identifiers, such as one's facial geometry, who exactly is collecting their biometric data, where it will be transmitted, for what purposes, and for how long. Defendants disregard these obligations and their employees' statutory rights and instead unlawfully collect, store, use and disseminate their employees' biometric identifiers and information, without ever receiving the individual's informed written consent required by BIPA.

54. Upon information and belief, each Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and other similarly-situated individuals' biometric data and has not and will not destroy Plaintiff's and other similarly-situated individuals' biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

55. Plaintiff and others similarly situated are not told what might happen to their biometric data if and when any Defendant merges with another company, or worse, if and when Defendants' businesses fold, or when the other third parties that have received individuals' biometric data businesses fold.

56. Since Defendants neither publish a BIPA-mandated data retention policy nor disclose the purposes for their collection and use of biometric data, individuals have no idea the extent to whom any Defendant sells, discloses, rediscloses, or otherwise disseminates their biometric data. Moreover, Plaintiff and others similarly situated are not told to whom Defendants currently disclose their biometric data, or what might happen to their biometric data in the event of a merger or a bankruptcy.

57. These violations have raised a material risk that Plaintiff's and other similarly-situated individuals' biometric data will be unlawfully accessed by third parties.

58.     By and through the actions detailed above, Defendants disregarded Plaintiff's and other similarly-situated individuals' legal rights in violation of BIPA.

### III.    Plaintiff Elliott Osborne's Experience

59.     Plaintiff Elliott Osborne worked for SpotHero in 2017 out of a WeWork office space located at 125 South Clark Street, Chicago, Illinois 60603.

60.     WeWork required Plaintiff to have a photograph of his face taken to use as a method for monitoring him in WeWork's office space.

61.     WeWork subsequently stored Plaintiff's facial geometry data in their database(s).

62.     Plaintiff was never informed of the specific limited purposes or length of time for which any Defendant collects, stores, uses and/or disseminates his biometric data.

63.     Plaintiff has no knowledge of any biometric data retention policy developed by any Defendant and made available to the public, nor does he know whether WeWork will ever permanently delete his biometric data.

64.     Plaintiff has never been provided with nor ever signed a written release allowing any Defendant to collect, store, use or disseminate his biometric data.

65.     Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendants' multiple violations of BIPA alleged herein.

66.     No amount of time or money can compensate Plaintiff if his biometric data is compromised by the lax procedures through which Defendants captured, stored, used, and disseminated his and other similarly-situated individuals' biometrics. Moreover, Plaintiff would not have provided his biometric data to Defendants if he had known that Defendants would retain such information for an indefinite period of time without his consent.

67.     A showing of actual damages is not necessary in order to state a claim under BIPA. *See Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an "aggrieved" person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act").

68.     As Plaintiff is not required to allege or prove actual damages in order to state a claim under BIPA, he seeks statutory damages under BIPA as compensation for the injuries caused by Defendants. *Rosenbach*, 2019 IL 123186, ¶ 40.

## CLASS ALLEGATIONS

69.     Pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-801, Plaintiff brings claims on his own behalf and as a representative of all other similarly-situated individuals pursuant to BIPA, 740 ILCS 14/1, *et seq.*, to recover statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

70.     As discussed *supra*, Section 14/15(b) of BIPA prohibits a company from, among other things, collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's or a customer's biometric identifiers or biometric information, unless it *first* (1) informs the individual in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the individual in writing of the specific purpose(s) and length of time for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information. 740 ILCS 14/15.

71.     Plaintiff seeks class certification under the Illinois Code of Civil Procedure, 735 ILCS 5/2-801, for the following class of similarly-situated individuals under BIPA:

All individuals who entered a WeWork space in the State of Illinois and had their facial geometry collected, captured, received, otherwise obtained, maintained, stored, or disclosed by any Defendant during the applicable statutory period.

72.     This action is properly maintained as a class action under 735 ILCS 5/2-801 because:

A.     The class is so numerous that joinder of all members is impracticable;

B.     There are questions of law or fact that are common to the class;

C.     Plaintiff's claims are typical of the claims of the class; and,

D.     Plaintiff will fairly and adequately protect the interests of the class.

**Numerosity**

73.     The total number of putative class members exceeds fifty (50) individuals. The exact number of class members can easily be determined from WeWork's records.

**Commonality**

74.     There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the Class in that Plaintiff and all members of the Class have been harmed by Defendants' failure to comply with BIPA. The common questions of law and fact include, but are not limited to the following:

A.     Whether any Defendant collected, captured, maintained, stored or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

B.     Whether any Defendant properly informed Plaintiff and the Class of their purposes for collecting, using, storing and disseminating their biometric identifiers or biometric information;

C.     Whether any Defendant obtained a written release (as defined in 740 ILCS 14/10) to collect, use, store and disseminate Plaintiff's and the Class's biometric identifiers or biometric information;

D.     Whether any Defendant has disclosed or redisclosed Plaintiff's and the Class's biometric identifiers or biometric information;

16

E.   Whether any Defendant has sold, leased, traded, or otherwise profited from Plaintiff's and the Class's biometric identifiers or biometric information;

F.   Whether any Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction with the individual, whichever occurs first;

G.   Whether any Defendant complies with any such written policy (if one exists);

H.   Whether any Defendant's violations of BIPA have raised a material risk that Plaintiff's and the putative Class' biometric data will be unlawfully accessed by third parties;

I.   Whether any Defendant used Plaintiff's and the Class's facial geometry to identify them;

J.   Whether the violations of BIPA were committed negligently; and

K.   Whether the violations of BIPA were committed intentionally or recklessly.

75.   Plaintiff anticipates that Defendants will raise defenses that are common to the class.

## Adequacy

76.   Plaintiff will fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and class members. Plaintiff, moreover, has retained experienced counsel who are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel.

## Typicality

77.   The claims asserted by Plaintiff are typical of the class members he seeks to represent. Plaintiff has the same interests and suffers from the same unlawful practices as the class members.

78.     Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to 735 ILCS 5/2-801.

### Predominance and Superiority

79.     The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

80.     Additionally, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

**FIRST CAUSE OF ACTION**

**Violation of 740 ILCS § 14/15(a): Failure to Institute, Maintain and Adhere to Publicly-Available Retention Schedule**

81.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

82.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

83.     Each Defendant fails to comply with these BIPA mandates.

84.     Defendant WeWork Companies Inc. is a corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

85.     Defendant WeWork Construction LLC is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

86.     Defendant WW 210 N Green LLC d/b/a WeWork is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

87.     Defendant 332 S Michigan Tenant LLC d/b/a WeWork Grant Park is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

88.     Defendant WW 111 West Illinois LLC d/b/a WeWork River North is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

89.     Defendant 20 W Kinzie Tenant LLC d/b/a WeWork 4 is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

90.     Defendant 100 S State Street Tenant LLC d/b/a WeWork5 is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

91.     Defendant 125 S Clark Street Tenant LLC d/b/a WeWork 6 is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

92.     Defendant 222 S Riverside Plaza Tenant LLC d/b/a WeWork8 is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

93.     Defendant 330 North Wabash Tenant LLC d/b/a WeWork9 is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

94.     Defendant 515 N State Street Tenant LLC d/b/a WeWork 10 is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

95.     Defendant 1 South Dearborn Street Tenant LLC d/b/a WeWork 11 is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

96.     Defendant 625 West Adams Street Tenant LLC is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

97.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by Defendants (in the form of their facial geometry), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS 14/10.

98.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

99.     Each Defendant failed to publish a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 14/15(a).

100.    Upon information and belief, each Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data and have not and will not destroy Plaintiff's or the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

101.    On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to

740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## SECOND CAUSE OF ACTION
**Violation of 740 ILCS § 14/15(b): Failure to Obtain Informed Written Consent and Release Before Obtaining Biometric Identifiers or Information**

102.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

103.    BIPA requires companies to obtain informed written consent from individuals before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] *first*: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS 14/15(b) (emphasis added).

104.    Each Defendant fails to comply with these BIPA mandates.

105.    Defendant WeWork Companies Inc. is a corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

106.    Defendant WeWork Construction LLC is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

107.    Defendant WW 210 N Green LLC d/b/a WeWork is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

108. Defendant 332 S Michigan Tenant LLC d/b/a WeWork Grant Park is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

109. Defendant WW 111 West Illinois LLC d/b/a WeWork River North is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

110. Defendant 20 W Kinzie Tenant LLC d/b/a WeWork 4 is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

111. Defendant 100 S State Street Tenant LLC d/b/a WeWork5 is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

112. Defendant 125 S Clark Street Tenant LLC d/b/a WeWork 6 is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

113. Defendant 222 S Riverside Plaza Tenant LLC d/b/a WeWork8 is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

114. Defendant 330 North Wabash Tenant LLC d/b/a WeWork9 is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

115. Defendant 515 N State Street Tenant LLC d/b/a WeWork 10 is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

116. Defendant 1 South Dearborn Street Tenant LLC d/b/a WeWork 11 is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

117. Defendant 625 West Adams Street Tenant LLC is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

118. Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by Defendants (in the form of their facial geometry), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

119. Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

120. Each Defendant systematically and automatically collected, captured, received through trade, or otherwise obtained Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

121. No Defendant informed Plaintiff and the Class in writing that their biometric identifiers and/or biometric information were being collected, captured, received through trade, or otherwise obtained, nor did any Defendant inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, and used as required by 740 ILCS 14/15(b)(1)-(2).

122.     By collecting, capturing, receiving through trade, or otherwise obtaining Plaintiff's and the Class's biometric identifiers and biometric information as described herein, each Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq.*

123.     On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

### THIRD CAUSE OF ACTION
**Violation of 740 ILCS § 14/15(d): Disclosure of Biometric Identifiers and Information Before Obtaining Consent**

124.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

125.     BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for that disclosure. *See* 740 ILCS 14/15(d)(1).

126.     Each Defendant fails to comply with this BIPA mandate.

127.     Defendant WeWork Companies Inc. is a corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

128.     Defendant WeWork Construction LLC is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

129. Defendant WW 210 N Green LLC d/b/a WeWork is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

130. Defendant 332 S Michigan Tenant LLC d/b/a WeWork Grant Park is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

131. Defendant WW 111 West Illinois LLC d/b/a WeWork River North is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

132. Defendant 20 W Kinzie Tenant LLC d/b/a WeWork 4 is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

133. Defendant 100 S State Street Tenant LLC d/b/a WeWork5 is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

134. Defendant 125 S Clark Street Tenant LLC d/b/a WeWork 6 is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

135. Defendant 222 S Riverside Plaza Tenant LLC d/b/a WeWork8 is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

136. Defendant 330 North Wabash Tenant LLC d/b/a WeWork9 is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

137. Defendant 515 N State Street Tenant LLC d/b/a WeWork 10 is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

138. Defendant 1 South Dearborn Street Tenant LLC d/b/a WeWork 11 is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

139. Defendant 625 West Adams Street Tenant LLC is a limited liability company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

140. Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by Defendants (in the form of their facial geometry), as explained in detail in Sections II and III, *supra. See* 740 ILCS § 14/10.

141. Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

142. Each Defendant systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the consent required by 740 ILCS 14/15(d)(1).

143. By disclosing, redisclosing, or otherwise disseminating Plaintiff's and the Class's biometric identifiers and biometric information as described herein, each Defendant violated

Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq.*

144. On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for <u>each</u> intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for <u>each</u> negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

## PRAYER FOR RELIEF

Wherefore, Plaintiff Elliott Osborne respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Elliott Osborne as Class Representative, and appointing Stephan Zouras, LLP, as Class Counsel;

B. Declaring that Defendants' actions, as set forth above, violate BIPA;

C. Awarding statutory damages of $5,000 for *each* intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for *each* negligent violation of BIPA pursuant to 740 ILCS 14/20(1);

D. Declaring that Defendants' actions, as set forth above, were intentional and/or reckless;

E. Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an Order requiring Defendants to collect, store, use and disseminate biometric identifiers and/or biometric information in compliance with BIPA;

F. Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

G.   Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent
     allowable; and,

H.   Awarding such other and further relief as equity and justice may require.


Date:  November 5, 2019                    Respectfully Submitted,

                                           /s/ Haley R. Jenkins
                                           Ryan F. Stephan
                                           James B. Zouras
                                           Haley R. Jenkins
                                           **STEPHAN ZOURAS, LLP**
                                           100 N. Riverside Plaza
                                           Suite 2150
                                           Chicago, Illinois 60606
                                           312.233.1550
                                           312.233.1560 *f*
                                           rstephan@stephanzouras.com
                                           jzouras@stephanzouras.com
                                           hjenkins@stephanzouras.com
                                           Firm ID: 43734

                                           **ATTORNEY FOR PLAINTIFF
                                           AND THE PUTATIVE CLASS**

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on November 5, 2019, I electronically filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

*/s/ Haley R. Jenkins*

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
11/6/2019 11:15 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH12856

7255228

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ELLIOTT OSBORNE

(Name all parties)

Case No. 2019CH12856

v.

WEWORK COMPANIES INC., WEWORK
CONSTRUCTION LLC,WEWORK, WEWORK
GRANT PARK, WEWORK RIVER NORTH,
WEWORK4, WEWORK5, WEWORK6, WEWORK8,
WEWORK9,WEWORK10, WEWORK11, 625 WEST
ADAMS STREET TENANT LLC

## ☒ SUMMONS  ☐ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of
which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty
(30) days after service of this Summons**, not counting the day of service. To file your answer or
appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate
this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to
the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief
requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service,
with endorsement of service and fees, if any, immediately after service. If service cannot be made,
this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30)
days after its date.

WEWORK COMPANIES INC.

Illinois Corporation Service C
801 Adlai Stevenson Drive
Springfield, IL 62703

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

11/6/2019 11:15 AM DOROTHY BROWN

Atty. No.: 43734

Atty Name: Haley R. Jenkins

Atty. for: Elliott Osborne

Address: 100 N. Riverside Plaza

City: Chicago

State: IL.    Zip: 60606

Telephone: 312-233-1550

Primary Email: hjenkins@stephanzouras.com

Witness: _____

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**

# CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

☒ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

## Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

FILED
11/8/2019 5:11 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH12856

7304766

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

ELLIOTT OSBORNE, individually, and on ) 
behalf of all others similarly situated, )
                                  )
       **Plaintiff,**             )
                                    )      **Case No. 2019-CH-12856**
**v.**                            )
                                    )
WEWORK COMPANIES INC., WEWORK )
CONSTRUCTION LLC, WW 210 N GREEN )
LLC d/b/a WEWORK, 332 S MICHIGAN )
TENANT LLC d/b/a WEWORK GRANT )
PARK, WW 111 WEST ILLINOIS LLC d/b/a )
WEWORK RIVER NORTH, 20 W KINZIE )
TENANT LLC d/b/a WEWORK4, 100 S )
STATE STREET TENANT LLC d/b/a )
WEWORK5, 125 S CLARK STREET )
TENANT LLC d/b/a WEWORK6, 222 S )
RIVERSIDE PLAZA TENANT LLC d/b/a )
WEWORK8, 330 NORTH WABASH )
TENANT LLC d/b/a WEWORK9, 515 N )
STATE STREET TENANT LLC d/b/a )
WEWORK10, 1 SOUTH DEARBORN )
STREET TENANT LLC d/b/a WEWORK11, )
625 WEST ADAMS STREET TENANT LLC, )
                                    )
      **Defendants.**            )

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND REQUEST FOR DISCOVERY ON CERTIFICATION ISSUES

Plaintiff Elliott Osborne ("Plaintiff") alleges that Defendants WeWork Companies Inc.,

WeWork Construction LLC, WW 210 N Green LLC d/b/a WeWork, 332 S Michigan Tenant LLC

d/b/a WeWork Grant Park, WW 111 West Illinois LLC d/b/a WeWork River North, 20 W Kinzie

Tenant LLC d/b/a WeWork4, 100 S State Street Tenant LLC d/b/a WeWork5, 125 S Clark Street

Tenant LLC d/b/a WeWork6, 222 S Riverside Plaza Tenant LLC d/b/a WeWork8, 330 North

Wabash Tenant LLC d/b/a WeWork9, 515 N State Street Tenant LLC d/b/a WeWork10, 1 South Dearborn Street Tenant LLC d/b/a WeWork11, 625 West Adams Street Tenant LLC, (collectively, "WeWork" or "Defendants") systematically violated the Biometric Information Privacy Act ("BIPA") 740 ILCS 14/1, *et seq*. Consistent with the rulings of federal and state courts overseeing BIPA actions, this case is well suited for class certification under 735 ILCS 5/2-801. *See Alvarado v. International Laser Prod., Inc.*, Case No. 18 C 7756 (N.D. Ill. June 19, 2019), attached as Exhibit A; *Roberson v. Symphony Post Acute Care Network*, Case No 17-L-733 (Cir. Ct. St. Clair Cty., Mar. 12, 2019), attached as Exhibit B; *In re Facebook Biometric Info. Privacy Litig.*, 326 F.R.D. 535, 542 (N.D. Cal. 2018), *aff'd sub nom. Patel v. Facebook, Inc.*, 932 F.3d 1264, 1277 (9th Cir. Aug. 8, 2019) (holding, in a BIPA case, that "a class action is superior to individual actions...")

Specifically, Plaintiff seeks to certify a class consisting of potentially hundreds of individuals who entered WeWork office spaces in the State of Illinois who had their facial geometry unlawfully collected, captured, received, obtained, maintained, stored or disclosed by Defendants during the applicable statutory period in violation of BIPA. The question of liability is a legal question that can be answered in one fell swoop. As Plaintiff's claims and the claims of similarly-situated individuals all arise from Defendants' uniform policies and practices, they satisfy the requirement of 735 ILCS 5/2-801 and should be certified.

Plaintiff moves for class certification to protect members of the proposed class, individuals whose proprietary and legally protected personal and private biometric data was invaded by Defendants. Plaintiff believes that the evidence and argumentation submitted within this motion are sufficient to allow the class to be certified now. However, in the event the Court (or Defendants) wishes for the parties to undertake formal discovery prior to the Court's consideration

of this motion, Plaintiff requests that the Court allow him to supplement this briefing and defer the response and reply deadlines.

## I.   RELEVANT BACKGROUND

### A.   The Biometric Information Privacy Act

Major national corporations started using Chicago and other locations in Illinois in the early 2000s to test "new [consumer] applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(c). Given its relative infancy, an overwhelming portion of the public became wary of this then-growing, yet unregulated, technology. *See* 740 ILCS 14/5.

The Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* was enacted in 2008, arising from concerns that these experimental uses of finger-scan technologies created a "very serious need of protections for the citizens of Illinois when it comes to biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. Under the Act, it is unlawful for a private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless it first:

> (1) Informs the subject ... in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) Informs the subject ... in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) Receives a written release executed by the subject of the biometric identifier or biometric information."

740 ILCS 14/15(b).

Although there may be benefits to using biometrics, there are also serious risks. Unlike ID badges – which can be changed or replaced if stolen or compromised – facial geometry is a unique,

permanent biometric identifier associated with each individual. These biometrics are biologically unique to the individual; once compromised, the individual has *no* means by which to prevent identity theft, unauthorized tracking, or other unlawful or improper use of this information. This exposes individuals to serious and irreversible privacy risks. For example, if a biometric database is hacked, breached, or otherwise exposed – as in the recent Yahoo, eBay, Equifax, Uber, Home Depot, MyFitnessPal, Panera, Whole Foods, Chipotle, Omni Hotels & Resorts, Trump Hotels, Facebook/Cambridge Analytica, and Suprema data breaches or misuses – individuals have no means to prevent the misappropriation and theft of their proprietary biometric makeup. Thus, a showing of actual damages is not necessary in order to state a claim under BIPA. When an entity "fails to adhere to the statutory procedures … the right of the individual to maintain [his or] her biometric privacy vanishes into thin air." *Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 34 (internal quotations omitted) (quoting *Patel v. Facebook Inc.*, 290 F. Supp. 3d 948, 953 (N.D. Cal. 2018)). *See also Patel v. Facebook Inc.*, 932 F.3d 1264, 1275 (9th Cir. Aug. 8, 2019) ("Because we conclude that BIPA protects the plaintiffs' concrete privacy interests and violations of the procedures in BIPA actually harm or pose a material risk of harm to those privacy interests …the plaintiffs have alleged a concrete and particularized harm, sufficient to confer Article III standing."). Recognizing the need to protect its citizens from harms like these, Illinois enacted BIPA specifically to regulate the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information.

**B.**     **Factual Allegations**

Plaintiff filed this class action against Defendants on November 5, 2019, to redress Defendants' unlawful collection, use, storage, and disclosure of individuals' biometric information under BIPA. In his Complaint, Plaintiff provided detailed allegations that individuals entering

4

Defendants' office spaces in Illinois were universally required to have their facial geometry scanned for enrollment in Defendants' system, in order for WeWork to monitor individuals inside its offices, and Defendants failed to: (1) publish a publicly available retention schedule or guidelines for permanent destruction of the biometric data by Defendants, as required by BIPA; (2) inform Plaintiff and putative class members in writing of the purpose(s) and length of time for which facial geometry is being collected, stored, and used by Defendants; (3) provide (nor did they have Plaintiff execute) a written release for Defendants in order to collect, store, or use their facial geometry, as required by BIPA; or (4) asked for consent before disclosing, redisclosing, or otherwise disseminating their facial geometry to a third party, as required by BIPA. *See* Compl. ¶¶ 16, 48-57, 62-67.

Plaintiff worked for SpotHero in 2017 out of a WeWork office space located at 125 South Clark Street, Chicago, Illinois 60603. *Id.* ¶ 59. WeWork required Plaintiff to have a photograph of his face taken to use as a method for monitoring him in WeWork's office space. *Id.* ¶ 60. Defendants subsequently stored Plaintiff's facial geometry data in their database. *Id.* ¶ 61.

Each Defendant failed to inform Plaintiff and other individuals of the extent of the purposes for which Defendants collected individuals' sensitive biometric data or to whom the data is disclosed. *Id.* ¶¶ 16, 62. Upon information and belief, each Defendant failed to publish a written, publicly available policy identifying its retention schedule and guidelines for permanently destroying individuals' facial geometry data when the initial purpose for collecting or obtaining their facial geometry is no longer relevant, as required by BIPA. *Id.* ¶¶ 16, 54, 63. Plaintiff and the putative class were not told what might happen to their biometric data if and when Defendants merged with another company or, worse, if and when Defendants' entire businesses fold. *Id.* ¶¶ 55-56. Since Defendants neither published a BIPA-mandated data retention policy nor disclosed

5

the purposes for their collection of biometric data, Plaintiff and the putative class have no idea to whom Defendants sell, disclose, re-disclose, or otherwise disseminate their biometric data. *Id.* ¶¶ 16, 56, 62-63. Nor are individuals told to whom Defendants currently disclose their biometric data or what might happen to their biometric data in the event of a merger or a bankruptcy. *Id.* ¶¶ 55-56. Finally, each Defendant failed to secure a written release from any individuals, including Plaintiff, permitting them to collect, store, use, and disseminate individuals' biometric data, as required by BIPA. *Id.* ¶¶ 16, 64.

Accordingly, Defendants' practices violated BIPA. As a result of Defendants' violations, Plaintiff and similarly-situated individuals were subject to Defendants' common and uniform policies and practices and were victims of their scheme to unlawfully collect, store, use, and disseminate Plaintiff's and all other similarly-situated individuals' biometric data in direct violation of BIPA. As a result of Defendants' multiple violations of BIPA, Plaintiff and all other similarly-situated individuals suffered an invasion of privacy and other damages.

Plaintiff now seeks class certification for the following similarly-situated individuals, defined as:

> All individuals who entered a WeWork space in the State of Illinois and had their facial geometry collected, captured, received, otherwise obtained, maintained, stored, or disclosed by any Defendant during the applicable statutory period.

Given Defendants' standard practices defined above and the straightforward and common legal questions presented in this case, Plaintiff now moves for class certification. Notably, this motion is being filed shortly after the Complaint was filed and before Defendants have responded. The parties have not discussed settlement, neither settlement offers nor demands have been made, and a scheduling order has not been issued. For the reasons discussed herein, Plaintiff's request should be granted.

## II.    STANDARD FOR CLASS CERTIFICATION

"The basic purpose of a class action is the efficiency and economy of litigation." *CE Design Ltd. v. C & T Pizza, Inc.*, 2015 IL App. (1st) 131465, ¶ 9 (Ill. App. Ct. May 8, 2015) (citing *Miner v. Gillette Co.*, 87 Ill. 2d 7, 14 (1981)). "In determining whether to certify a proposed class, the trial court accepts the allegations of the complaint as true and should err in favor of maintaining class certification." *CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶ 9 (citing *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (2007)). Under Section 2-801 of the Code of Civil Procedure, a class may be certified if the following four requirements are met:

    (1) the class is so numerous that a joinder of all members is impracticable;

    (2) there are questions of fact or law common to the class that predominate over any questions affecting only individual members;

    (3) the representative parties will fairly and adequately protect the interest of the class; and

    (4) the class action is an appropriate method for the fair and efficient adjudication of the controversy.

*See Smith v. Illinois Cent. R.R. Co.*, 223 Ill. 2d 441, 447 (2006) (citing 735 ILCS 5/2-801). Notably, "[a] trial court has broad discretion in determining whether a proposed class meets the requirements for class certification." *CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶ 9 (citing *Ramirez*, 378 Ill. App. 3d at 53). Here, the allegations and facts in this case amply demonstrate that the four certification factors are met.

## III.    ARGUMENT

Plaintiff's claims here are especially suited for class certification because Defendants treated all individuals entering their office spaces identically for the purposes of applying BIPA. All of the putative class members in this case were uniformly subjected to the same illegal and

unlawful collection, storage, use, and dissemination of their biometric data that was required as a condition of employment throughout the class period. Plaintiff meets each of the statutory requirements for maintenance of this suit as a class action. Thus, the class action device is ideally suited and is far superior to burdening the Court with many individual lawsuits to address the same issues, undertake the same discovery, and rely on the same testimony.

## A. The Class Is So Numerous That Joinder of All Members Is Impracticable.

Numerosity is not dependent on a plaintiff setting forth a precise number of class members or a listing of their names. *See Cruz v. Unilock Chicago*, 383 Ill. App. 3d 752, 771 (2d Dist. 2008) ("Of course, plaintiffs need not demonstrate a precise figure for the class size, because a good-faith, non-speculative estimate will suffice; rather, plaintiffs need demonstrate only that the class is sufficiently numerous to make joinder of all of the members impracticable.") (internal citations omitted); *Hayna v. Arby's, Inc.*, 99 Ill. App. 3d 700, 710-11 (1st Dist. 1981) ("It is not necessary that the class representative name the specific individuals who are possibly members of the class."). Courts in Illinois generally find numerosity when the class is comprised of at least 40 members. *See Wood River Area Dev. Corp. v. Germania Fed. Sav. Loan Ass'n*, 198 Ill. App. 3d 445, 450 (5th Dist. 1990).

In the present case, there can be no serious dispute that Plaintiff meets the numerosity requirement. The class of potential plaintiffs is sufficiently large to make joinder impracticable.[1] As a result of Defendants' violations of BIPA, Plaintiff and all similarly-situated individuals were subjected to Defendants' common and uniform policies and practices and were victims of Defendants' schemes to unlawfully collect, store, use, and disseminate their extremely personal

---

[1] Upon information and belief, Defendants have collected, captured, received, otherwise obtained, maintained, stored, or disclosed the facial geometry data of hundreds, if not thousands, of individuals who have entered WeWork office spaces during the applicable statutory period.

and private biometric data in direct violation of BIPA. As a result of Defendants' violations of the Act, Plaintiff and all other similarly-situated individuals suffered an infringement of the rights afforded them under the law. *Rosenbach*, 2019 IL 123186, ¶ 38. The precise number in the class cannot be determined until discovery records are obtained from Defendants. Nevertheless, class membership can be easily determined by reviewing Defendants' records. A review of Defendants' files regarding the collection, storage, use, and dissemination of individuals' biometric data performed during the class period is all that is needed to determine membership in Plaintiff's proposed class. *See e.g., Chultem v. Ticor Title Ins. Co.*, 401 Ill. App. 3d 226, 233 (1st Dist. 2010) (reversing Circuit Court's denial of class certification and holding that class was certifiable over defendants' objection that "the proposed class was not ascertainable, because the process of reviewing defendant's transaction files to determine class membership would be burdensome"); *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 539-40 (6th Cir. 2012)[2] (rejecting the argument that manual review of files should defeat certification, agreeing with district court's reasoning that, if manual review was a bar, "defendants against whom claims of wrongful conduct have been made could escape class-wide review due solely to the size of their businesses or the manner in which their business records were maintained," and citing numerous courts that are in agreement, including *Perez v. First Am. Title Ins. Co.*, 2009 WL 2486003, at *7 (D. Ariz. Aug. 12, 2009) ("Even if it takes a substantial amount of time to review files and determine who is eligible for the [denied] discount, that work can be done through discovery")). Once Defendants' records are obtained, the Court will know the precise number of persons affected.

---

[2]     "Section 2-801 is patterned after Rule 23 of the Federal Rules of Civil Procedure and, because of this close relationship between the state and federal provision, 'federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois.'" *Cruz*, 383 Ill. App. 3d at 761 (quoting *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill.2d 100, 125 (2005)).

Absent certification of this class action, individuals may never know that their legal rights have been violated, and as a result, may never obtain the redress to which they are entitled under BIPA. Illinois courts have noted that denial of class certification where members of the putative class have no knowledge of the lawsuit may be the "equivalent of closing the door of justice" on the victims. *Wood River Area Dev. Corp. v. Germania Fed. Sav. & Loan Assn.*, 198 Ill.App.3d 445, 452 (5th Dist. 1990). Further, recognizing the need to protect its citizens from harms such as identity theft, Illinois enacted BIPA specifically to regulate the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information. A class action would help ensure that Plaintiff and all other similarly-situated individuals have a means of redress against Defendants for their widespread violations of BIPA.

**B.** **Common Questions Of Law And Fact Exist That Predominate Over Any Questions Solely Affecting Individual Members Of The Class.**

Courts analyze commonality and predominance under Section 2-801 by identifying the substantive issues that will control the outcome of the case. *See Bemis v. Safeco Ins. Co. of Am.*, 407 Ill. App. 3d 1164, 1167 (5th Dist. 2011); *Cruz*, 383 Ill. App. 3d at 773. The question then becomes whether those issues will predominate and whether they are common to the class, meaning that "favorable adjudication of the claims of the named plaintiffs will establish a right of recovery in other class members." *Cruz*, 383 Ill. App. 3d at 773. As stated by the Court of Appeals, the question is will "common ... issues be the subject of the majority of the efforts of the litigants and the court[?]" *Bemis*, 407 Ill. App. 3d at 1168. The answer here is "yes."

At the heart of this litigation is Defendants' culpable conduct under BIPA. The issues are simple and straightforward legal questions that plainly lend themselves to class-wide resolution. Notwithstanding the clear and unequivocal requirements of the law, Defendants disregarded Plaintiff's and other similarly-situated individuals' statutorily-protected privacy rights and

unlawfully collected, stored, used, and disseminated their biometric data in direct violation of BIPA. Specifically, Defendants have violated BIPA because they failed to: (1) inform Plaintiff and putative class members in writing of the purpose and length of time for which their facial geometry was being collected, stored, disseminated and used; (2) publish a publicly available retention schedule or guidelines for permanent destruction of the biometric data; and (3) provide Plaintiff and putative class members a written release. Defendants treated the entire proposed class in precisely the same manner, resulting in identical violations of BIPA. These common practices create common issues of law and fact. In fact, the legality of Defendants' collection, storage, use, and dissemination of Plaintiff's and the putative class's biometric data is the focus of this litigation.

Indeed, once this Court determines whether Defendants' practices of collecting, storing, using and disseminating individuals' biometric data without adhering to the specific requirements of BIPA constitutes violations thereof, liability for the claims of class members will be determined in one stroke. The material facts and issues of law are substantially the same for the members of the class, and therefore these common issues could be tried such that proof as to one claimant would be proof as to all members of the class. This alone establishes predominance. The only remaining questions will be the proper measure of damages and injunctive relief, which in and of themselves are questions common to the class. A showing of actual damages is not necessary in order to state a claim under BIPA. *See Rosenbach*, 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an 'aggrieved' person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act"). Accordingly, a favorable adjudication of the Plaintiff's claims in this case will establish a right of recovery to all other class members, and thus the commonality and predominance requirements weigh in favor of certification of the class.

11

**C.     The Named Plaintiff And Class Counsel Are Adequate Representatives Of The Class.**

When evaluating adequacy, courts look to whether the named plaintiff has the same interests as those of the class and whether he or she will fairly represent them. *See CE Design Ltd.,* 2015 IL App. (1st) 131465, ¶ 16. In this case, Plaintiff's interest arises from statute. The class representative, Elliott Osborne, is a member of the proposed class and will fairly and adequately protect the class's interests. Plaintiff, as a condition of entering a WeWork office space rented by his employer, was required to have his facial geometry data scanned so Defendants could use it to track him inside the office. Defendants subsequently stored Plaintiff's facial geometry data in their database(s). Prior to the collection of his biometric identifiers and/or biometric information, Plaintiff was not informed of the specific limited purposes (if any) or length of time for which any Defendant collected, stored, used, or disseminated his biometric data. Nor was Plaintiff informed of any biometric data retention policy developed by any Defendant or when, if ever, Defendants will permanently delete his biometric information. Finally, Plaintiff was not provided a written release allowing any Defendant to collect, store, use, or disseminate his facial geometry. Thus, Plaintiff was a victim of the same uniform policies and practices of Defendants as the individuals he seeks to represent, and is not seeking any relief that is potentially antagonistic to other members of the class. What is more, Plaintiff has the interests of those class members in mind, as demonstrated by his willingness to sue on a class-wide basis and step forward as the class representative, which subjects him to discovery. (*See* Exhibit C – Affidavit of Elliott Osborne.) This qualifies him as a conscientious representative plaintiff and satisfies the adequacy of representation requirement.

Proposed Class Counsel, Stephan Zouras, LLP, will also fairly and adequately represent the class. Proposed Class Counsel are highly qualified and experienced attorneys. (*See* Exhibit D – Affidavit of Ryan F. Stephan and the Firm Resume attached thereto as Exhibit D-1). Stephan Zouras, LLP, are recognized attorneys in class action lawsuits and have been designated as class counsel in numerous class actions in state and federal courts, including pioneering efforts on behalf of classes of employees whose rights under BIPA were violated. (*See* Exhibit D, Exhibit D-1). Thus, proposed Class Counsel, too, are adequate and have the ability and resources to manage this lawsuit.

**D.   A Class Action Is The Appropriate Method For Fair And Efficient Adjudication Of This Controversy.**

Finally, a class action is the most appropriate method for the fair and efficient adjudication of this controversy, rather than bringing individual suits which could result in inconsistent determinations and unjust results. "It is proper to allow a class action where a defendant is alleged to have acted wrongfully in the same basic manner toward an entire class." *P.J.'s Concrete Pumping Service, Inc. v. Nextel West Corporation*, 345 Ill. App. 3d 992, 1003 (2d Dist. 2004). "The purported class representative must establish that a successful adjudication of its individual claims will establish a right of recovery or resolve a central issue on behalf of the class members." *Id.*

Here, Plaintiff's claim stems from Defendants' common and uniform policies and practices, resulting in common violations of BIPA for all members of the class. Thus, class certification will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices. *Wenthold v. AT&T Technologies, Inc.*, 142 Ill. App. 3d 612 (1st Dist. 1986). Without a class, the Court would have to hear dozens, if not thousands, of additional individual cases raising identical questions of liability. Moreover, class members are

better served by pooling resources rather than attempting to litigate individually. *CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶¶ 28-30 (certifying TCPA class where statutory damages were alleged and rejecting arguments that individual lawsuits would be superior). In the interests of justice and judicial efficiency, it is desirable to concentrate the litigation of all class members' claims in a single forum. For all of these reasons, the class action is the most appropriate mechanism to adjudicate the claims in this case.

E. **In The Event The Court Or Defendants Seek More Factual Information Regarding This Motion, The Court Should Allow Supplemental And Deferred Briefing Following Discovery.**

There is no meaningful need for discovery for the Court to certify a class in this matter; Defendants' practices and policies are uniform. If, however, the Court wishes for the Parties to engage in discovery, the Court should keep the instant motion pending during the discovery period, allow Plaintiff a supplemental brief, and defer Defendants' response and Plaintiff's reply. Plaintiff is moving as early as possible for class certification in part to avoid the "buy-off problem," which occurs when a defendant seeks to settle with a class representative on individual terms in an effort to moot the class claims asserted by the class representative. Plaintiff is also moving for class certification now because the class should be certified, and because no meaningful discovery is necessary to establish that fact. The instant motion is far more than a placeholder or barebones memorandum. Rather, Plaintiff's full arguments are set forth based on the facts known at this extremely early stage of litigation. Should the Court wish for more detailed factual information, the briefing schedule should be extended.

## IV. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court enter an Order: (1) certifying Plaintiff's claims as a class action; (2) appointing Plaintiff Elliott Osborne as Class Representative; (3) appointing Stephan Zouras, LLP as Class Counsel; and (4) authorizing court-

facilitated notice of this class action to the class. In the alternative, this Court should allow

discovery, allow Plaintiff to supplement this briefing, and defer response and reply briefs.


Date:   November 8, 2019                    Respectfully Submitted,

                                            */s/ Haley R. Jenkins*
                                            Ryan F. Stephan
                                            James B. Zouras
                                            Haley R. Jenkins
                                            **STEPHAN ZOURAS, LLP**
                                            100 N. Riverside Plaza
                                            Suite 2150
                                            Chicago, Illinois 60606
                                            312.233.1550
                                            312.233.1560 *f*
                                            rstephan@stephanzouras.com
                                            jzouras@stephanzouras.com
                                            hjenkins@stephanzouras.com
                                            Firm ID: 43734

                                            **ATTORNEY FOR PLAINTIFF
                                            AND THE PUTATIVE CLASS**

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on November 8, 2019, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

/s/ Haley R. Jenkins

# EXHIBIT A

FILED
11/8/2019 5:11 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH12856

7304766

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOSUE ALVARADO, on behalf of himself and all other persons similarly situated, known and unknown, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 18 C 7756 ) |
| INTERNATIONAL LASER PRODUCTS, INC., INTERNATIONAL TONER CORP., and CRAIG FUNK, individually, | ) Judge Rebecca R. Pallmeyer ) ) ) |
| Defendants. | ) ) |

### ORDER

Plaintiff's motion to certify class [43] is granted. Plaintiffs are directed to furnish an amended class notice, consistent with the court's rulings, within seven (7) days.

### STATEMENT

Plaintiff Josue Alvarado filed this lawsuit alleging that his employers, Defendants International Laser Products, Inc. and International Toner Corp., violated the Fair Labor Standards Act and the Minimum Wage Law by failing to pay overtime wages at the rate of one and one-half times Alvarado's straight pay rate. He seeks to represent a class of workers who were also allegedly victims of this practice.

The focus of the parties' disagreement on this issue relates to the language of the class notice. The court has reviewed the competing proposals and rules as follows:

1. Plaintiffs' proposed class notice begins with an all-caps notice that recipients are eligible to participate in the lawsuit even if they had previously signed a settlement agreement that Defendants proposed and negotiated with several workers. The language of the class notice ends with the words "THE SETTLEMENT DOCUMENT YOU SIGNED IS VOID, AND THE LAWSUIT SEEKS TO RECOVER MORE MONEY THAN THE COMPANY OFFERED YOU." Defendants object to this language; Defendants contend that the court has ruled that the agreements entered into are "not enforceable" (as stated in paragraph 3 of the Class Notice), not that they were "void." (Defendants' Memorandum in Opposition to Plaintiff's Motion to Authorize Notice [50] [hereinafter, "Defs.' Opp."] at 2.) Defendants also argue, without elaboration, that there is no "apple to apple comparison" between what the lawsuit is seeking and the relief offered employees in the proposed settlement agreement. (*Id.*) Without commenting on the merits of either of these contentions, the court directs that the final sentence of the notice be amended to read as follows: THE SETTLEMENT DOCUMENT YOU SIGNED IS NOT ENFORCEABLE, AND THE LAWSUIT SEEKS TO RECOVER COMPENSATION AS DESCRIBED IN THIS NOTICE.

2. Defendants object to Plaintiffs' definition of the class seeking relief for alleged violations of the Biometric Information Privacy Act ("BIPA"). Defendants note that the complaint

defined that class as "Production Laborers and other hourly paid workers employed in Illinois by Defendants who were required to scan their fingerprints in Defendants' timekeeping system." (Defs.' Opp. at 1; see First Amended Complaint [20] ¶ 111.) The proposed class notice, in contrast, defines the class as "All persons who worked for Defendants in Illinois since November 21, 2013, and who scanned their fingerprints in Defendants' timekeeping system without first executing a written release." Plaintiffs contend that the revised definition is *narrower* than the original, at least to the extent that it imposes a time limit and excludes persons (if any) who executed a release. (Plaintiffs' Reply in Support of Motion for Class Notice [52] [hereinafter, "Pltfs.' Reply"], at 2-3.) Plaintiffs have also cited caselaw holding that amendments to the class definition are acceptable so long as they do not "greatly expand" the scope of the litigation beyond what Defendants might have expected. *Compare Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1023 (7th Cir. 2018), *cert. denied*, No. 18-1127, 2019 WL 979392 (U.S. Apr. 1, 2019) (approving certification of a class narrower than the one proposed in the original complaint where defendant had fair notice) *with Supreme Auto Transport, LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735, 737, 741 (7th Cir. 2018) (refusing to adopt class definition that "greatly expanded the potential scope of the class"). The court has no information about how many more employees might be included in the new definition; that is, neither side has explained whether there are a number of employees other than "production laborers and other hourly paid workers" who were required to scan their fingerprints. If the class definition is in fact significantly broader than what Defendants could have anticipated when this case was initiated, the court would expect Defendants to provide that information. This objection is overruled.

3.      Defendants contend that "The notice should state that the purpose of the lawsuit is to inform the employee of a collective action lawsuit in which s/he is potentially 'similarly situated.'" (Defs.' Opp. at 2.) The court disagrees that informing employees is the purpose of the lawsuit. That may be the purpose of Plaintiffs' proposed notice, but using the expression "similarly situated" is unnecessary and may be misleading. This objection, too, is overruled.

4.      Defendants believe class members should be notified that "there is no money available now, and no guarantee that there will be." (Defs.' Opp. at 2.) The court believes this purpose can be served by making the following change to the notice form: In the fourth full paragraph of the proposed notice, beginning with the words "The lawsuit seeks to recover owed overtime wages for employees, plus additional damages," the notice should read, "If Plaintiffs prevail in this lawsuit, employees will be entitled to recover unpaid overtime wages, plus additional damages . . . ."

5.      Defendants contend employees should be warned that they may be liable to pay costs if they do not prevail. (Defs.' Opp. at 2-3.) Plaintiffs oppose this proposal. They cite *Boltinghouse v. Abbott Labs., Inc.*, 196 F. Supp. 3d 838, 843 (N.D. Ill. 2016), in which this court expressed reluctance to chill the rights of workers to participate in a collective action by means of a warning that they could be required to sit for their depositions or even pay opposing counsel fees. (Pltfs.' Reply at 5.) This court deemed those risks too remote to require inclusion in a notice. The issue in this case is whether the possibility of an award of costs is equally remote.

Defendants have cited a handful of cases in which courts have endorsed the inclusion of a notice of this possibility: *see, e.g., Dunkel v. Warrior Energy Servs., Inc.*, 304 F.R.D. 193, 207 (W.D. Pa. 2014) (dictating inclusion of a several-sentence long disclosure of possible liability for costs); *Wright v. Lehigh Valley Hosp. & Health Network*, No. 10-cv-431, 2011 WL 221770, at *7 (E.D. Pa. Jan. 20, 2011) (requiring notice to include provision about opt-ins potentially paying court costs); *Creten-Miller v. Westlake Hardware, Inc.*, 2009 WL 2058734, at *4 (D. Kan. July 15, 2009) (modifying notice to include, "If you do not prevail on your claim, court costs and expenses

may possibly be assessed against you"); *Garcia v. Elite Labor Serv., Ltd.*, No. 95 C 2341, 1996 WL 33500122, at *4 (N.D. Ill. July 11, 1996) (modifying notice to include statement that, "if you do not prevail on your claim, court costs and expenses may possibly be assessed against you"); *White v. Kcpar, Inc.*, No. 6:05–cv–1317–Orl–22DAB, 2006 WL 1722348, at *4 (M.D. Fla. June 20, 2006) (finding a notice defective because it did not fully inform recipients about consequences of opting in, including potential liability for costs and expenses).

In reaching its conclusion, the *Creten-Miller* court called such an award "clearly possible and [] not merely theoretical." None of the cases it cited for this conclusion are from this Circuit, and it is not clear that such an award has been made in a collective action here. *Creten-Miller*, 2009 WL 2058734 at *4 (citing *Johnson v. Big Lots Stores, Inc.*, Nos. 04–3201, 05–6627, 2009 WL 1870862, at *9–10 (E.D. La. June 25, 2009) (awarding costs related to claims of 43 individual participants who moved to dismiss their claims); *Gomez v. Reinke*, No. CV91–299–S–LMB, 2008 WL 3200794, at *6 (D. Idaho Aug.7, 2008) (awarding costs to defendants for prevailing on merits of class action claims); *Reyes v. Tex. Expawn, L.P.*, No. V–03–128, 2007 WL 4530533, at *2 (S.D.Tex. Dec.19, 2007) (awarding costs to defendant as prevailing party). *See also Wright*, 2011 WL 221770, at *7. The court therefore remains concerned that the true purpose for inclusion of such a notice is to discourage workers from participating in the litigation. Having reviewed caselaw, however, the court concludes it is appropriate to amend the language under question 8 in the notice to provide some information "concerning the cost issue, without giving it undue emphasis." *Nehmelman v. Penn Nat. Gaming, Inc.*, 822 F. Supp. 2d 745, 765 (N.D. Ill. 2011). This court directs that the second sentence of that provision be amended to read, "If you participate in this lawsuit and the employees lose, you will be bound by the outcome of this lawsuit and will not receive any money, and it is possible that a portion of the court costs would be assessed against you in that event."

6.      Defendants argue that notice of this case should be furnished solely by means of first-class mail. Communication via text message or e-mail, Defendants contend, is "unwarranted and susceptible to abuse." (Defs.' Opp. at 3.) Defendants also object to notice by way of a posting at the workplace, but Plaintiffs have not requested such a process. (Defs.' Opp. at 5; Pltfs.' Reply at 5-6 n.4.) Nor have Plaintiffs requested production of employee Social Security numbers and birthdates, so the court need not address Defendants' objection to such production. (Defs.' Opp. at 5-7; Pltfs.' Reply at 8.)

The court agrees with Plaintiffs that e-mail and text communication is the most straightforward and effective method of communicating with the potential class members. As observed in *Calvillo v. Bull Rogers, Inc.*, 267 F. Supp. 3d 1307, 1315 (D.N.M. 2017), cited by Plaintiffs, "Courts have recognized that notice by email and text is reasonable in today's mobile society and that these methods of communication may offer a more reliable means of reaching an individual even if that individual is away from home or has moved." To that end, the court directs production by Defendants of employee telephone numbers, and any known e-mail addresses, and authorizes one reminder notice. *See Boltinghouse*, 196 F. Supp. 3d at 844. Defendants' purported concern about potential abuse or alteration of the notice (Defs.' Opp. at 3-4) is dispatched by Plaintiffs' explanation that e-mail would include a .pdf version of the notice, and text messages will direct the recipient to website that includes the form notice. (Pltfs.' Reply at 8.) In any event, Defendants themselves should have effective means of determining whether persons who attempt to opt in are or have been employed by Defendants.

ENTER:

Dated: June 19, 2019

_____

REBECCA R. PALLMEYER
United States District Judge

# EXHIBIT B

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

SAROYA ROBERSON, individually and on )
behalf of all others similarly situated, )
)
Plaintiff, )
)   Case No. 17 -L- 733
v. )
)
SYMPHONY POST ACUTE CARE )
NETWORK; SYMPHONY SYCAMORE )
LLC; SYMPHONY HEALTHCARE LLC; )
SYMPHONY M.L. LLC; SYMPHONY )
MONARCH HOLDINGS, LLC; and DOE )
DEFENDANTS 1-100, )
)
Defendants. )

FILED
ST. CLAIR COUNTY

MAR 1 2 2019

*Rebecca A. Clay*
CIRCUIT CLERK
35

## MEMORANDUM AND ORDER
## ON CLASS CERTIFICATION

The case comes before the Court on Plaintiff's Motion for Class Certification ("Motion").

The issues have been briefed and argued by the parties.[1] The Court hereby **ORDERS**:

I.  **NATURE OF THE CASE AND PLAINTIFF'S MOTION FOR CLASS CERTIFICATION.**

Plaintiff Saroya Roberson worked at a nursing home in Swansea, Illinois. Plaintiff alleges

that as part of timekeeping while she worked at this location, Defendants and others captured

her biometric information or biometric identifiers (a palm scan) within the meaning of the

Illinois Biometric Privacy Information Act, 740 ILCS 14/1 ("BIPA"). Defendants' opposition brief

does not dispute Roberson's biometric information or biometric identifiers were so captured.

BIPA manifests the Illinois General Assembly's findings that:

---

[1] Arguments were heard on December 20, 2018 before Judge Julia R. Gomric. On February 8, 2019, after hearing, but before Judge Gomric ruled on the pending Motion for Class Certification, the court granted Symphony Sycamore LLC's Motion for Substitution as a Matter of Right, and this case was subsequently assigned to the undersigned. The court has reviewed the court file and report of proceedings held on December 20, 2018 and is ready to proceed without the need for additional hearing.

1

(1) Biometrics are uniquely sensitive identifiers. "Biometrics are unlike other unique identifiers . . . [and] are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." 740 ILCS § 14/5(c).

(2) Biometric technology is a new frontier subject to unpredictable developments. "The full ramifications of biometric technology are not fully known." *Id.* at § 14/5(f).

(3) People are apprehensive of transactions involving their biometrics. The "overwhelming majority of members of the public are weary of the use of biometrics when such information is tied to finances and other personal information" and are "deterred from partaking in biometric identifier-facilitated transactions." *Id.* at § 14/5(d)-(e).

(4) Regulation of biometric collection, use, and storage serves the public interest. The "public welfare, security and safety will be served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." *Id.* at § 14/5(g).

Accordingly, BIPA puts certain requirements on parties dealing with biometric identifiers

or biometric information, including:

(b) No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

(1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

(2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/5(b) (2018).

Plaintiff alleges none of these requirements were met when capturing her biometric information. Defendants' opposition to the Motion does not dispute this.

BIPA further provides a right of action for violations of its requirements:

> Sec. 20. Right of action. Any person aggrieved by a violation of this Act shall have a right of action in a State circuit court . . . against an offending party. A prevailing party may recover for each violation:
>
> (1) against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater;
>
> (2) against a private entity that intentionally violates a provision of this Act, liquidated damages of $5,000 or actual damages, whichever is greater; . . . .

740 ILCS 14/20 (2018). Plaintiff brought this action pursuant to these and other provisions of BIPA.

Plaintiff alleges the Swansea, Illinois location where her biometric identifiers were captured is part of a network, the Symphony Post Acute Network ("SPAN" or the "Network"). She seeks to certify a class of Illinois citizens who had their biometric information or biometric identifiers captured, collected, *etc.* at any Illinois location in the Network (and associated subclasses discussed below):

> All Illinois citizens whose biometric information was collected, captured, purchased, received through trade, or otherwise obtained in Illinois at any location associated with the Symphony Post Acute Care Network, a/k/a Symphony Post Acute Network, as set forth in the Illinois Biometric Information Privacy Act, 740 ILCS 14/5 *et seq.*
>
> Excluded from the proposed Class are employees, officers, directors, subsidiaries and affiliates of any person or business associated with the Symphony Post Acute Care Network, a/k/a Symphony Post Acute Network, the judge or any officer of the court presiding over this action.

## II. LAW REGARDING A DETERMINATION OF CLASS CERTIFICATION.

"In determining whether to certify a proposed class, the trial court . . . should avoid

3

deciding the underlying merits of the case or resolving unsettled legal questions." *CE Design Ltd. v. C & T Pizza, Inc.,* 2015 IL App (1st) 131465 (2015), ¶ 9. "In making its decision as to whether to certify a class, the court may consider any matters of fact or law properly presented by the record, which includes the pleadings, depositions, affidavits, answers to interrogatories, and any evidence that may be adduced at the hearings." *Bueker,* 2016 IL App (5th) 150282 at ¶ 22. "To determine whether the proposed class should be certified, the court accepts the allegations of the complaint as true." *Clark,* 343 Ill. App. 3d at 544-45. *See also CD Design,* 2015 IL App (1st) 131465 at ¶ 9 ("In determining whether to certify a proposed class, the trial court accepts the allegations of the complaint as true . . . ."); *S37 Mgmt.,* 2011 IL App (1st) 102496 at ¶ 15 (same).

The factors which the Court must consider on a motion for class certification are the familiar framework established by statute. For a suit to proceed as a class action in Illinois, the Court must find that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of fact or law common to the class, which predominate over any questions affecting only individual members; (3) the representative parties will fairly and adequately protect the interests of the class; and (4) a class action is an appropriate method for the fair and efficient adjudication of the controversy. 735 ILCS 5/2-801 (2018). *See also e.g. Clark, et al. v. TAP Pharm. Prods., Inc., et al.,* 343 Ill. App. 3d 538, 544-45 (5th Dist. 2003).

### III.    FIRST FACTOR: NUMEROSITY (735 ILCS 5-2/801(1)).

Section 801(1) requires not only that the number of plaintiffs be numerous, but also that joinder of plaintiffs in one individual action be impractical. 735 ILCS 5/2-801(1). Where there are a number of potential claimants, and the individual amount claimed by each is small,

making redress on an individual level difficult, if not impossible, Illinois courts have been particularly receptive to proceeding on a class action basis. *Miner v. Gillette Co.*, 87 Ill.2d 7 (1981). Avoiding unnecessary burdens on the courts themselves is also a legitimate concern. "Affirming the trial court's class certification order will avoid the filing of numerous, repetitive cases placing a burden on the court." *Fakhoury v. Pappas*, 395 Ill. App. 3d 302, 316 (1st Dist. 2009).

Plaintiff states that Defendants have identified, at a minimum, 552 workers who would be members of the class from the Swansea, Illinois location alone. Defendants' opposition to the Motion does not dispute this; in fact, Defendants' opposition does not mention numerosity at all. Accordingly, the Court finds that the numerosity factor is satisfied. *See Wood River Area Dev. Corp. v. Germania Fed. Sav. and Loan Ass'n*, 198 Ill. App. 3d 445 (5th Dist. 1990).

## IV. SECOND FACTOR: COMMON AND PREDOMINANT ISSUES OF FACT OR LAW (735 ILCS 5-2/801(2)).

Section 801(2) requires "questions of fact or law common to the class." 735 ILCS 5/2-801(2) (2018). As the statute is phrased in the alternative, certification requires "only that there be either a predominating common issue of law or fact, not both." *Martin v. Heinold Commodities, Inc.*, 117 Ill.2d 67, 81 (1994).

Plaintiff suggests that a case presents common issues when defendants have engaged in the same or similar course of conduct, and that this is particularly true where – as here – the claims are based predominantly upon the application of a single statute or statutory scheme. "A common question may be shown when the claims of the individual class members are based upon the common application of a statute . . . ." *Clark*, 343 Ill. App. 3d at 548. *See also Bueker*, 2016 IL App (5th) 150282, ¶ 27 ("With regard to the commonality requirement, a common issue

5

may be shown where the claims of the individual class members are based upon the common application of a statute or where the proposed class members are aggrieved by the same or similar conduct or pattern of conduct."); *Hall*, 376 Ill. App. 3d at 831 (same).[2] Defendants' opposition to the Motion did not dispute this general premise.

Thus, according to Plaintiff, "Examination quickly establishes that commonality is easily satisfied in this case. All class members are citizens of Illinois. All are proceeding principally under a single Illinois statute, BIPA. Each was subjected to an identical course of conduct by defendants: The capture of their biometric information."

Plaintiff further goes on to enumerate specific questions of law or fact which she states will predominate:

a. Whether the Defendants captured, collected, stored or used the biometric information of the Plaintiff and the Class?

b. If the Defendants captured, collected, stored or used the biometric information of the Plaintiff and the Class, did the Defendants inform the Plaintiff and the Class in writing that a biometric identifier or biometric information was being collected or stored?

c. If the Defendants captured, collected, stored or used the biometric information of the Plaintiff and the Class, did the Defendants inform the Plaintiff and the Class in writing of the specific purpose and length of term for which a biometric identifier or biometric information was being collected, stored, and used?

d. If the Defendants captured, collected, stored or used the biometric information of the Plaintiff and the Class, did the Defendants receive a written release executed by the Plaintiff and the Class of the biometric identifier or biometric information or the Plaintiff's or Class' legally

---

[2] Bearing in mind that the court does not consider the merits at this stage, see *supra*, the Court also does not consider which class members will ultimately prevail. "That some members of the class are not entitled to relief because of some particular factor will not bar the class action." *Clark*, 343 Ill. App. 3d at 549. *See also Hall*, 376 Ill. App. 3d at 831-32 ("That some members of the class are not entitled to relief will not bar the class action.").

authorized representative?

     e.     If the Defendants captured, collected, stored or used the biometric information of the Plaintiff and the Class, did the Defendants develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first?

     f.     Whether Defendants' violations of BIPA were negligent, or instead, intentional or reckless, within the meaning of 740 ILCS 14/20?

Thus, Plaintiff summarizes: "Defendants' compliance with the requirements of BIPA – a single statutory scheme – is the central question in this case. This same question will predominate for each and every class member."

Defendants argue that common questions do not predominate in this case. Defendants assert that "'The purpose of the predominance requirement is to ensure that the proposed class is sufficiently cohesive to warrant adjudication by representation . . .' *Smith v. Illinois Cent. R.R. Co.*, 223 Ill. 2d 441, 448 (2006)." According to Defendants, to satisfy this predominance requirement, a plaintiff must show that "successful adjudication of the class representative's individual claim 'will establish a right of recovery in other class members' such that 'all that should remain is for other class members to file proof of their claim., *Id.* (quotation omitted); *see also Mashal v. City of Chicago*, 2012 IL 112341, ¶33 (same)."

Defendants then go on to provide a list of issues they claim defeat commonality and predominance in this case:

     a.     whether a class member used the same type of "finger or hand print reader/scanner" that Roberson used,

7

b.      whether a class member has suffered a sufficient injury to invoke BIPA's private right of action,

c.      whether a class member has suffered actual injury such that actual damages could be recovered in excess of the BIPA's liquidated damages,

d.      whether that injury exceeds the liquidated damages provision in BIPA,

e.      whether that injury was suffered at the hands of any person or business that is in fact "associated with the Symphony Post-Acute Care Network, a/k/a Symphony Post-Acute Network,"

f.      whether that entity acted negligently or willfully with respect to that particular class member,

g.      whether that class member's claim is subject to any affirmative defenses, like consent or ratification.

First, since the hearing on Plaintiff's Motion on December 20, 2018, the Supreme Court of Illinois has ruled that "an individual need not allege some injury or adverse effect, beyond violation of this or her right under [BIPA], in order to qualify as an 'aggrieved' person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act." *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186, slip op. at p.13 (Ill. Jan. 25, 2019). As such, many of the arguments raised above are moot.

Moreover, it is well-established that by themselves, such issues do not defeat class certification. "Individual questions of injury and damages do not defeat class certification." *Clark*, 343 Ill. App. 3d at 549. *See also Hall*, 376 Ill. App. 3d at 832 (same). At most, if damage questions do present significant issues, they can be handled in ancillary proceedings. "It is appropriate to litigate the questions of law or fact common to all members of the class and, after the determination of the common questions, to determine in an ancillary proceeding or proceedings the questions that may be peculiar to individual class members." *Clark*, 343 Ill.

8

App. 3d at 548 (internal quotations omitted). In fact, Defendants' own cited authority establishes that these differences (if true) are generally not grounds to defeat class certification. *Walczak v. Onyx Acceptance Corp.*, 365 Ill. App. 3d 664, 679 (2nd Dist. 2006). ("Moreover, we note that, generally, individual counterclaims or defenses do not render a case unsuitable for class action.")

More broadly, Defendants' characterization of the common issues in this case, and which of them will predominate, is questionable. *Smith* was a toxic tort case involving a train derailment, and then a resulting chemical spill, with all the attenuated questions as to proximate causation of bodily injury resulting from a complicated series of events. *Smith*, 233 Ill.2d 442-58. This is not that case. This case involves a single statutory scheme – BIPA – and the issues presented can be summarized in a straightforward way: Did the Network capture biometric information from members of the class, and if so, did they comply with BIPA while doing so? These questions are what will consume "the bulk of the time at trial." *Smith*, 233 Ill.2d at 458.

That BIPA's straightforward, statutory requirements may have been met in some cases, but not others, does not preclude class certification, as Defendants suggest. First, this invites the Court to determine the merits of the case, which the Court does not do at this stage, as has already been established.

Second, the fact that some class members may recover, but not all, is no impediment to class certification. "That some members of the class are not entitled to relief because of some particular factor will not bar the class action." *Clark*, 343 Ill. App. 3d at 549. *See also Hall*, 376 Ill. App. 3d at 831-32 ("That some members of the class are not entitled to relief will not bar the

class action.").

Third, the flexibility of the class action procedure ensures that even if the issues Defendants raise do become significant at some future point in time, the Court has the ability to address such matters then. "If individual damage determinations are necessary, the court can utilize various procedures to determine damages, including the creation of subclasses." *Bueker*, 2016 IL App (5th), ¶ 31 (citing *Hall*, 376 Ill. App. 3d at 832). "Furthermore, if the class becomes unmanageable at some later time in the litigation, the court always has the option to set aside the class certification or a portion of it." *Id.* (citing *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill.App.3d 1069, 1075 (1st Dist. 1988)).

Finally, while the Court finds that common questions of fact or law will predominate this case as a whole, it alternately finds that issue certification would be appropriate as well. Even in cases involving the most complex questions of injury or damages – and again, this is not that case, as it arises under a single simple statute – classes may be certified as to issues, such as legal issues, or the issue of liability. Even the cases Defendants themselves cite recognize this. *See e.g. Smith*, 223 Ill.2d at 457 ("the trial court in this case did not limit class certification to the issue of liability . . . ."); *Bueker*, 2016 IL App (5th) 150282, ¶ 34 (courts have the ability to limit certification for liability purposes only). Thus, in the alternative, the commonality and predominance of legal and liability issues in this case demonstrate it is also appropriately suited for certification as to common legal issues, and to issues concerning liability.

## V.     THIRD FACTOR: ADEQUATE REPRESENTATION OF THE INTERESTS OF THE CLASS (735 ILCS 5-2/801(3)).

Section 801(3) requires that the "representative parties will fairly and adequately protect the interests of the class." 735 ILCS 5/2-801(2) (2018). Adequate representation has

two components: (1) adequacy of the named Plaintiff; and (2) adequacy of the named Plaintiff's attorneys. *See Miner v. Gillette Co.*, 87 Ill.2d 7 (1981). As Defendant posits, "[t]he purpose of the adequate representation requirement is to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim. *Walczak*, 365 Ill. App. 3d at 678.

Defendants do not argue that Plaintiff's attorneys are inadequate. Accordingly, the Court accepts that they will provide proper, efficient, and appropriate protection of the interests of the class in presenting the claims.

Defendants do, however, challenge the adequacy of Plaintiff Roberson. The principal argument made by Defendants is that the interests of Roberson are antagonistic to those of the class, as class members may want to seek a monetary award, and that (according to Defendants) during her deposition Roberson disclaimed any intention of seeking a monetary recovery.

This is wholly unpersuasive. Plaintiff, by way of her pleadings, discovery responses, statements of her attorneys, and otherwise, has made it abundantly clear on multiple occasions that she seeks a monetary recovery in this action, not only on her own behalf, but also on behalf of the other class members. Her deposition responses did not contradict that. In fact, Plaintiff stated she wants the law (BIPA) enforced, and BIPA expressly provides for monetary awards.

The rest of Defendants' adequacy arguments are much in the same vein. Quizzing Plaintiff on what she understands about Defendants' corporate structure, or how the law interprets "injury" or "damages," does nothing to demonstrate Plaintiff's inadequacy as a class

11

representative, as it does nothing to show that Plaintiff is either antagonistic to the class or will fail to properly pursue the interests of the class. It merely demonstrates that Plaintiff, a layperson, does not understand the intricacies of the law or lawsuits. But that is why a representative is – not only encouraged, but outright *required* – to hire effective legal counsel.

In short, the quantum of understanding necessary on the part of a representative is not nearly as complex as Defendants would have it. "The plaintiff class representative need only have a marginal familiarity with the facts of his case and does not need to understand the legal theories upon which his case is based to a greater extent." *Clark*, 343 Ill. App. 3d at 550-51 (internal quotations omitted). The Court finds that the adequacy of representation requirement is fulfilled in this case.

## VI.   FOURTH FACTOR: THE CLASS ACTION PROCEDURE IS THE APPROPRIATE METHOD FOR THE FAIR AND EFFICIENT ADJUDICATION OF THE CONTROVERSY (735 ILCS 5-2/801(4)).

Finally, the fourth statutory factor requires the Court to consider whether "[t]he class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(d) (2018). The balance of Defendants' remaining arguments are entered on this factor.

One of these arguments centers around who was Plaintiff's employer. Defendants seem to invest this with independent legal significance. But this was already addressed in the context of Defendants' § 2-615 motion to dismiss. The terms "employer" and "employee" appear nowhere in BIPA, nor do any related terms. In fact, BIPA expressly contemplates many circumstances well outside the employment context, such as "finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14-5(b) (2018).

Accordingly, dividing the world up into "Employer Defendants" and "Non-Employer

Defendants" is meaningless for purposes of BIPA liability, which applies to any "private entity" (740 ILCS 14/10-15 (2018)) who constitutes an "offending party" (740 ILCS 14-20 (2018)).

To the extent Defendants' argument asks this Court to first construe those terms, and then to apply them to the facts of this case, the Court must decline. This involves disputed issues of fact, going to the merits of the case, and/or unsettled legal issues. As previously established, it is not the province of the Court to decide these issues on a motion to certify a class. Nor will the Court render an advisory opinion. Indeed, issues like this weigh affirmatively in *favor* of class certification, as they will be common questions to which any affected class member will seek an answer – no matter what that answer may be.

Much the same is true for Defendants' other arguments, which may be broadly classified as "corporate liability." Defendants claim each Network location is independently owned and operated, and argue that only some defendants will be liable as to some class members, mentioning in passing things such as the statutes regarding limited liabilities. Defendants make a further argument that they cannot be held liable for anything other than events occurring in Swansea. Defendants even go so far as to as to argue there are "constitutional concerns" as to the rights of any non-party entities. Defendants do not provide any explanation, however, as to how Defendants would have standing to raise any such concerns on behalf of entities with whom they also disavow any connection.

For her part, Plaintiff points out that she has pleaded from the outset of the case a variety of theories assessing mutual liability of the Network. Those theories include topics such as *respondeat superior*, alter ego, agency, joint enterprise, civil conspiracy, *etc.* Plaintiff points out any assertion by Defendants as to who did or did not operate any given Network location

13

simply begs the questions this lawsuit will answer.  Plaintiff further contends that the fact

Defendants raise these common questions shows all the more strongly why this case should

proceed as a class action.

Both sides have presented discovery responses, discovery productions, public

documents, Network documents, *etc.* in support of their positions.  The Court has reviewed all

of these materials.  The Court finds that none of these materials conclusively resolves such

issues either way.

Accordingly, the Court concludes that the parties have legitimate disputes of material

facts over these issues, and those issues intersect in several instances with unresolved

questions of law.  The Court further finds that many of these arguments go to the merits of the

case.  As such, the Court will not resolve them on a motion for class certification.  Nor will the

Court issue an advisory opinion.

Once again, the presence of such sweeping issues – essentially, "who is liable for what,

and to whom" – argues in favor of class certification, not against it.  Seeking the answers to

these questions – questions applicable across the class, and the common answers which will be

generated – makes proceeding on a class basis an appropriate method for the fair and efficient

adjudication of these controversies.

**VII.    ORDER AND FINDINGS.**

Pursuant to the foregoing analysis, the Court finds the case is proper to proceed as a

class action in accordance with 735 ILCS 5/2-801 (2018).  The Court hereby certifies the

following class:

> All Illinois citizens whose biometric information was collected, captured, purchased,
> received through trade, or otherwise obtained in Illinois at any location associated with

14

the Symphony Post Acute Care Network, a/k/a Symphony Post Acute Network, as set forth in the Illinois Biometric Information Privacy Act, 740 ILCS 14/5 *et seq.*

Excluded from the proposed Class are employees, officers, directors, subsidiaries and affiliates of any person or business associated with the Symphony Post Acute Care Network, a/k/a Symphony Post Acute Network, the judge or any officer of the court presiding over this action.

The Court also finds it appropriate to certify the following subclass:

All Illinois citizens whose biometric information was collected, captured, purchased, received through trade, or otherwise obtained in Illinois at the Symphony Post Acute Care Network, a/k/a Symphony Post Acute Network location in Swansea, Illinois, as set forth in the Illinois Biometric Information Privacy Act, 740 ILCS 14/5 *et seq.*

Excluded from the proposed Class are employees, officers, directors, subsidiaries and affiliates of any person or business associated with the Symphony Post Acute Care Network, a/k/a Symphony Post Acute Network, the judge or any officer of the court presiding over this action.

The Court finds it appropriate to certify each of these classes as to all issues in this case. The Court further finds it appropriate to certify these classes as to legal and factual issues concerning the liability of the Network and those associated with it. The Court reserves jurisdiction to certify further subclasses or otherwise amend these certifications as circumstances warrant.

**SO ORDERED:**

**DATE:** March 12, 2019.

ICEItamm
_____
Hon. Kevin T. Hoerner

15

# EXHIBIT C

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| ELLIOTT OSBORNE, individually, and on behalf of all others similarly situated,     ) ) ) | |
| Plaintiff,    ) ) | Case No. 2019-CH-12856 |
| v.    ) ) | |
| WEWORK COMPANIES INC., WEWORK CONSTRUCTION LLC, WW 210 N GREEN LLC d/b/a WEWORK, 332 S MICHIGAN TENANT LLC d/b/a WEWORK GRANT PARK, WW 111 WEST ILLINOIS LLC d/b/a WEWORK RIVER NORTH, 20 W KINZIE TENANT LLC d/b/a WEWORK4, 100 S STATE STREET TENANT LLC d/b/a WEWORK5, 125 S CLARK STREET TENANT LLC d/b/a WEWORK6, 222 S RIVERSIDE PLAZA TENANT LLC d/b/a WEWORK8, 330 NORTH WABASH TENANT LLC d/b/a WEWORK9, 515 N STATE STREET TENANT LLC d/b/a WEWORK10, 1 SOUTH DEARBORN STREET TENANT LLC d/b/a WEWORK11, 625 WEST ADAMS STREET TENANT LLC,    ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants.    ) | |

## AFFIDAVIT OF ELLIOTT OSBORNE

I, Elliott Osborne, being first duly cautioned, swear and affirm as follows:

1. I am over the age of 18 and competent to testify.

2. I am the Named Plaintiff and proposed Class Representative in this case.

3. I understand what it means to be a class representative. As a class representative, I am looking out for the interests of the other class members.

4. I do not have any conflicts with the class members because they were treated like I was with respect to this lawsuit. I have their interests in mind, as well as my own, in bringing this lawsuit.

FURTHER YOUR AFFIANT SAYETH NOT.

Date: 11/8/2019

_Elliott Osborne_
E5980D37E1BB463

Elliott Osborne

# EXHIBIT D

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

ELLIOTT OSBORNE, individually, and on )
behalf of all others similarly situated, )
                             )
        Plaintiff, )
                             )    Case No. 2019-CH-12856
    v. )
                             )
WEWORK COMPANIES INC., WEWORK )
CONSTRUCTION LLC, WW 210 N GREEN )
LLC d/b/a WEWORK, 332 S MICHIGAN )
TENANT LLC d/b/a WEWORK GRANT )
PARK, WW 111 WEST ILLINOIS LLC d/b/a )
WEWORK RIVER NORTH, 20 W KINZIE )
TENANT LLC d/b/a WEWORK4, 100 S )
STATE STREET TENANT LLC d/b/a )
WEWORK5, 125 S CLARK STREET )
TENANT LLC d/b/a WEWORK6, 222 S )
RIVERSIDE PLAZA TENANT LLC d/b/a )
WEWORK8, 330 NORTH WABASH )
TENANT LLC d/b/a WEWORK9, 515 N )
STATE STREET TENANT LLC d/b/a )
WEWORK10, 1 SOUTH DEARBORN )
STREET TENANT LLC d/b/a WEWORK11, )
625 WEST ADAMS STREET TENANT LLC, )
                             )
        Defendants. )

## AFFIDAVIT OF HALEY R. JENKINS

I, Haley R. Jenkins, being first duly cautioned, swears and affirms as follows:

1. I am one of Plaintiff's Counsel in the above-referenced matter.

2. I submit this Affidavit in support of Plaintiff's Motion for Class Certification and Request for Discovery on Certification Issues.

3. I am a Partner of the law firm of Stephan Zouras, LLP. Attached hereto as Exhibit D-1 is a true and correct copy of the firm's resume.

FURTHER YOUR AFFIANT SAYETH NOT.

Date: November 8, 2019  /s/ Haley R. Jenkins
Haley R. Jenkins

Subscribed and sworn to
before me on this

Notary Public

SYDNEY A GRESHAM
Official Seal
Notary Public - State of Illinois
My Commission Expires Sep 18, 2022

# EXHIBIT D-1



# FIRM PROFILE

**STEPHAN ZOURAS, LLP** is a national law firm which concentrates on helping our clients in complex class and individual litigation. The firm is widely recognized for its vigorous advocacy, skill, integrity and experience litigating wage and hour law and other employment disputes, mass torts and catastrophic personal injury, consumer protection, cybersecurity, products liability and other complex litigation. We are routinely appointed lead counsel in high-stakes, groundbreaking, rapidly-developing areas with far-reaching impact. Our attorneys have testified before legislative bodies and worked on legislation designed to protect worker's rights.

Our Chicago-based firm is recognized for its leadership, its zealous, thorough and efficient prosecution of class actions, and for achieving outstanding results at both the trial and appellate levels throughout the United States. The firm's two founding partners, James B. Zouras and Ryan F. Stephan, have successfully prosecuted claims ranging from individual wrongful death and other catastrophic injury cases to complex, multi-district class and collective actions which have collectively resulted in a recovery of more than $150,000,000 for hundreds of thousands of individuals. Stephan Zouras, LLP has "substantial class action experience [and] have secured multi-million-dollar class recoveries...." *Bhattacharya v. Capgemini North America, Inc.*, 324 F.R.D. 353, 363 (N.D. Ill. 2018) (Kennelly, J.).

# PRINCIPAL ATTORNEYS

**JAMES B. ZOURAS** is a founding principal of Stephan Zouras, LLP. Dedicating his entire professional career to combating corporate abuse and injustice, Jim has helped thousands of people recover tens of millions of dollars in damages in individual and class actions arising under federal wage and hour laws including the Fair Labor Standards Act ("FLSA") and comparable state wage laws, other complex litigation and catastrophic personal injury. Jim has been appointed lead or co-lead counsel on dozens of contested class actions throughout the United States. He has successfully tried over a dozen jury trials and argued over 14 appeals as lead appellate counsel before the federal and state appellate courts. In 2000, Jim was named among the *Chicago Daily Law Bulletin's* "Top 40 Lawyers Under Age 40," one of the youngest lawyers ever bestowed that honor. Jim and his cases have been profiled by numerous media outlets including the Chicago Tribune, the Chicago Sun-Times, Bloomberg BNA, Billboard Magazine and TMZ. Jim has also been interviewed by CBS Consumer Watch. Jim is frequently invited as a speaker at national class action litigation seminars. Jim is a 1995 graduate of DePaul University College of Law, where he served as Editor of the Law Review and graduated in the top 10% of his class.

**RYAN F. STEPHAN** is a founding principal of Stephan Zouras, LLP. Throughout his career, Ryan has been a passionate advocate for employee rights, and has helped thousands of clients recover damages in unpaid overtime, employment disputes, business litigation, products liability and personal injury cases. Ryan has successfully tried cases to verdict including obtaining a $9,000,000 verdict on behalf of 200 employees who were misclassified and denied overtime pay. Ryan has also served as lead or co-lead counsel on dozens of complex class and collective action cases involving wage and hour matters and has helped recover damages for tens of thousands of wronged employees. In these cases, Ryan has helped establish precedent in wage and hour law, forced major corporations to change unlawful employment practices and helped recover tens of millions of dollars in unpaid wages for his clients. Ryan and his cases have been profiled by numerous media outlets including Good Morning America, Fortune, ESPN, Fox News, The Guardian, The New York Times, Think Progress, USA Today and Vice Sports. Ryan is a 2000 graduate from Chicago Kent College of Law

# STEPHANZOURAS, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

Ryan and Jim are admitted to the Supreme Court of the United States as well as the Trial Bar of the United States District Court for the Northern District of Illinois. In addition, they have been admitted or admitted *pro hac vice* to prosecute class actions in the Southern and Eastern Districts of New York, the District of New Jersey, the Eastern and Middle Districts of Pennsylvania, the Western District of North Carolina, the Superior Court for the State of California, the Central District of Illinois, the District of Minnesota the Eastern District of Michigan, the Eastern District of Missouri, the District of Maryland, the Southern District of Ohio, the Northern, Middle and Southern Districts of Florida, the Northern District of Texas, the District of Massachusetts, the District of Minnesota, the First Judicial District of Pennsylvania, the Western District of Washington and the Southern and Northern Districts of Iowa.

In every consecutive year since 2009, *Chicago Magazine's* Super Lawyer Section selected both Jim and Ryan as two of the top attorneys in Illinois, a distinction given to no more than 5% of the lawyers in the state.

## PARTNERS

**ANDREW C. FICZKO** is a partner of Stephan Zouras, LLP. A tireless fighter for working people, Andy has spent his entire professional career litigating on behalf of employees in class and collective actions nationwide. Andy has helped thousands of clients recover damages in cases involving unpaid minimum and overtime wages and other benefits. Andy served as the second chair in two major federal jury trials to verdict on behalf of Plaintiffs in wage and hour matters and one state jury trial to verdict on behalf of Plaintiffs in a breach of contract matter. A 2009 graduate from Drake University Law School in 2009, Andy is admitted to the Trial Bar of the United States District Court for the Northern District of Illinois has been admitted *pro hac vice* to the Southern District of New York, the Southern and Northern Districts of Iowa, District of Massachusetts, Eastern District of Pennsylvania, and the Western District of Washington. In every consecutive year since 2014, Andy has been recognized by Chicago Magazine's Super Lawyer section as a Rising Star, a distinction given to no more than 2.5% of Illinois lawyers.

**TERESA M. BECVAR** is a partner of Stephan Zouras, LLP. A steadfast advocate for individual rights, Teresa has helped thousands of clients hold corporations accountable in employment and consumer protection cases. Teresa has extensive experience in a wide range of employment cases, including wage and hour class and collective actions and employment discrimination. Teresa is a 2013 graduate of Chicago-Kent College of Law, where she served as Editor of the Law Review and graduated in the top 15% of her class. Teresa has been admitted *pro hac vice* to the Eastern and Southern Districts of New York, the Western District of Washington, the Middle District of Florida and the Central District of California. In every consecutive year since 2016, Teresa has been recognized by Chicago Magazine's Super Lawyer section as a Rising Star, a distinction given to no more than 2.5% of Illinois lawyers.

**CATHERINE T. MITCHELL** is a partner of Stephan Zouras, LLP who graduated from The John Marshall Law School in 2015. Catherine litigates on behalf of Stephan Zouras, LLP's clients in both class action and individual litigation, representing people in a wide-range of legal disputes, including unpaid wages, employee misclassification, mass torts, antitrust, and consumer fraud. Catherine is an active member of the Women's Bar Association of Illinois and the Young Lawyers Society of the Chicago Bar Association, and served as a Chapter Editor for the Second Edition of BNA's Age Discrimination in Employment Act Treatise. Catherine is admitted to practice in Illinois, the District of Colorado, the Eastern District of Wisconsin and has been admitted *pro hac vice* to the Southern and Eastern District of New York, the District of Florida-Tampa Division, the Southern District of Iowa and the Eastern District of North Carolina. Catherine



earned her Bachelor's Degree from Saint Mary's College where she was a member of the Dean's list and served as a Member Counselor in the Business Enterprise Law Clinic. Catherine is currently an active member of the Women's Bar Association as well as a Director on The John Marshall Law School Alumni Association's Board of Directors.

## ASSOCIATE ATTORNEYS

**HALEY R. JENKINS** graduated *cum laude* from Chicago-Kent College of Law in 2016. Haley litigates on behalf of Stephan Zouras, LLP's clients in both class action and individual litigation. A spirited advocate, Haley represents clients in legal disputes involving unpaid wages, employee misclassification, antitrust, consumer fraud, whistleblower actions, and *qui tam* cases. She is currently a member of the legal team advocating for clients' biometric privacy rights in cutting-edge cases against employers and biometric device manufacturers that unlawfully collect, store, use and disseminate employees' and consumers' biometrics data. Haley is admitted to practice in Illinois and the District of Colorado and has been admitted *pro hac vice* to the Middle District of Pennsylvania. Haley graduated from the University of Illinois at Urbana-Champaign in 2013 where she majored in English.

**ANNA M. CERAGIOLI** earned her Juris Doctor from Chicago-Kent College of Law where she was named to the Dean's List and elected President of the Moot Court Honor Society. She was one of only twelve graduating students inducted into the Chicago-Kent Bar & Gavel Society. Anna is a skilled and dedicated advocate for individuals and groups of people who have been injured, deprived of earned wages or otherwise mistreated by employers. She has worked tirelessly on an array of individual and class actions lawsuits involving unpaid wages, employee misclassification, unlawful credit checks and consumer fraud. Anna received her undergraduate degree from Marquette University where she double-majored in Writing Intensive English and Politics in Law.

## OF COUNSEL

**DAVID J. COHEN,** a highly skilled and successful class-action attorney, joined Stephan Zouras, LLP in April 2016 and manages our Philadelphia office. Dave has spent his entire career fighting to protect the rights of thousands of employees, consumers, shareholders, and union members. Before joining Stephan Zouras, Dave worked on, and ran, dozens of significant antitrust, consumer, employment and securities matters for four highly-regarded Philadelphia firms. Before joining the private sector, Dave completed a unique clerkship with the Hon. Stephen E. Levin in the Philadelphia Court of Common Pleas, during which he not only helped to develop a respected and efficient system for the resolution of the Court's class action cases, but also contributed to several well-regarded works on class actions. Dave earned a J.D. from the Temple University School of Law in 1994. While attending law school, Dave was awarded the Barristers Award for excellence in trial advocacy and worked as a teaching assistant for Hon. Legrome Davis (E.D. Pa.) as part of Temple's award-winning Integrated Trial Advocacy program. Dave graduated with honors from the University of Chicago in 1991.

Dave is admitted to practice in the United States Court of Appeals for the Third Circuit, the United States Court of Appeals for the Sixth Circuit, the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the Middle District of Pennsylvania, the United States District Court for the Western District of



# STEPHANZOURAS, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

Pennsylvania, the United States District Court for the District of New Jersey and the state courts of Pennsylvania and New Jersey. He is a member of the American and Philadelphia Bar Associations.

**PHILIP J. GIBBONS, JR.**, a highly-accomplished Plaintiff's class action attorney in his own right, became of counsel to Stephan Zouras, LLP in June 2017. Phil focuses entirely on employment law, with an emphasis on helping employees recover unpaid wages including overtime. Phil began his legal career with a large national law firm, representing and counseling corporations and employers. Since 2001, Phil has exclusively represented employees. Phil is recognized by his peers as a highly skilled employment lawyer. He is listed in Best Lawyers in America and Super Lawyers. In addition, he has a perfect 10.0 rating on Avvo.com and an "A/V" rating with Martindale Hubble, which is the highest rating an attorney can receive. Phil has extensive experience litigating single and multi-plaintiff wage and hour lawsuits under the Fair Labor Standards Act, recovering unpaid overtime and minimum wages for thousands of employees throughout the United States.

Phil is admitted to practice in North Carolina, Indiana, Seventh Circuit Court of Appeals, Sixth Circuit Court of Appeals, Third Circuit Court of Appeals, Tenth Circuit Court of Appeals, U.S. District Courts Western District North Carolina, Middle District North Carolina, Southern District of Indiana, Northern District of Indiana, and Eastern District of Michigan.

## REPRESENTATIVE TRIALS, VERDICTS AND JUDGMENTS

**Ray v. DISH Network**
*No. 01-15-0003-4651 (AAA Arbitration)*                    **3/17/2019 – Arbitration Judgment**
Final approval was awarded in the amount of $3,250,000.00 to thousands of Colorado inside sales associates who were not paid minimum wage for all hours worked and were not paid proper overtime compensation for hours worked in excess of 40 hours per week.

**Franco, et al. v. Ideal Mortgage Bankers, d/b/a Lend America**       **12/14/17 – Trial Court Judgment**
*No. 07-cv-3956 (United States District Court for the Eastern District of New York)*
The Court entered a $15.2 million judgment on behalf of several hundred loan officers who were deprived of minimum wages and overtime in violation of federal and state law.

**Frisari v. DISH Network**                                          **8/25/16 – Arbitration Judgment**
*No. 18-160-001431-12 (AAA Arbitration)*
The Arbitrator certified and granted final judgment in excess of seven figures for a class of over 1,000 New Jersey inside sales associates who performed work before and/or after their shifts without pay and were not paid the proper overtime rate when they worked in excess of 40 hours a week.

**Huskey v. Ethicon Inc.**                                          **9/10/2014 – Jury Verdict**
*No. 2:12-cv-05201 (United States District Court for the Southern District of West Virginia)*
Stephan Zouras, LLP helped secure a $3,270,000.00 jury verdict in one of the bell-weather trial cases in the multi-district litigation against Johnson & Johnson's Ethicon unit for defective design, failure to warn and negligence related to transvaginal mesh device.



## STEPHANZOURAS, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

**Lee v. THR**                                                    **5/22/14 – Trial Court Judgment**
*No. 12-cv-3078 (United States District Court for the Central District of Illinois)*
As a result of the efforts of class counsel Stephan Zouras, LLP, the Court entered a judgment for a class of employees given job titles such as "Buyers," "Auditors" and "Managers" for unpaid overtime in the sum of $12,207,880.84.

**Vilches et al. v. The Travelers Companies, Inc.**               **12/12/12 - Arbitration Judgment**
*No. 11-160-000355-11 (American Arbitration Association)*
Following a contested evidentiary hearing, Stephan Zouras, LLP secured a significant monetary award on behalf of a group of insurance appraiser employees seeking unpaid earned overtime under the FLSA.

**Kyriakoulis, at al. v. DuPage Health Center**                   **11/8/12 - Jury Verdict**
*No. 10-cv-7902 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved a favorable jury verdict on behalf of several medical assistants deprived of minimum and overtime wages in violation of federal and Illinois law.

**Smith v. Safety-Kleen Systems, Inc.**                           **7/11/12 - Jury Verdict**
*No. 10-cv-6574 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved a favorable jury verdict on behalf of a chemical handler deprived of overtime wages in this donning and doffing action brought under the FLSA.

**Wong v. Wice Logistics**                                        **1/30/12 - Jury Verdict**
*No. 08 L 13380 (Circuit Court of Cook County, Illinois)*
Stephan Zouras, LLP recovered unpaid commissions and other damages for Plaintiff based on her claims under the Illinois Wage Payment and Collection Act.

**Daniels et al. v. Premium Capital Financing**                   **10/18/11 - Jury Verdict**
*No. 08-cv-4736 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP was appointed lead class and trial counsel and achieved a jury verdict in excess of $9,000,000.00 on behalf of over 200 loan officers who were deprived of minimum wages and overtime pay.

**Ferrand v. Lopas**                                              **5/22/01 - Jury Verdict**
*No. 00 L 2502 (Circuit Court of Cook County, Law Division, State of Illinois)*
Jury verdict in excess of available liability insurance policy limits entered in favor of seriously-injured pedestrian, resulting in liability against insurance carrier for its bad faith refusal to tender the policy limits before trial.

## REPRESENTATIVE RESOLVED CLASS AND COLLECTIVE ACTIONS

**Courts nationwide have appointed the firm as lead or co-lead counsel in numerous class and collective actions in which they have collectively secured over one hundred million dollars in verdicts and settlements including:**

**Ostrander v. Customer Engineering Services, LLC**              **3/25/19 – Final Judgment**
*No. 15-cv-01476 (United States District Court of Colorado)*
Final approval of a six-figure class settlement was granted on behalf of technical service representatives who were misclassified under the federal law and were deprived of earned overtime wages.



100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

**Davis v. Vanguard Home Care, LLC, et al.**                      3/22/19 – Final Approval
*No. 16-cv-07277 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved a six-figure class settlement on behalf of a group of Home Health Clinicians who were misclassified as exempt under federal and state wage laws.

**Goh v. NCR Corporation**                      2/25/19 – Final Approval
*No. 01-15-0004-0067 (AAA Arbitration)*
In granting class certification and approval of a settlement in excess of six figures for over three-thousand class members employed by NCR who were subjected to improper background checks, the Arbitrator found that the attorneys of Stephan Zouras "rendered exemplary services for [their] clients and acted with great care, diligence, and professionalism."

**Moseman v. U.S. Bank National Association**                      1/07/19 – Final Approval
*No. 17-cv-00481 (United States District Court for the Western District of North Carolina)*
As lead counsel, Stephan Zouras, LLP achieved a class wide settlement on behalf of individuals employed as AML/BSA Preliminary Investigators who worked in excess of 40 hours per week and were not paid proper overtime compensation.

**Ivy v. Adventist Midwest Health**                      11/14/18 – Final Approval
*No. 16-cv-7606 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved a six-figure class settlement on behalf of Home Health Clinicians who worked in excess of 40 hours per week and were not paid overtime.

**Bhattacharya v. Capgemini, et al.**                      11/13/18 – Final Approval
*No. 16-cv-07950 (United States District Court for the Northern District of Illinois)*
Final approval for class settlement in the amount of $990,000.00 was granted and awarded to approximately 900 Indian national participants of Capgemini's Group Health Plan based on alleged violations of the Employee Retirement Income Security Act ("ERISA").

**Carver v. Presence Health Network, et al.**                      7/10/18 – Final Approval
*No. 15-cv-02905 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP helped achieve final approval of a seven-figure class settlement on behalf of participants and beneficiaries of benefit plans sponsored by Presence Health based on alleged violations of the Employee Retirement Income Security Act ("ERISA").

**Lukas v. Advocate Health Care, et al.**                      6/27/18 – Final Approval
*No. 14-cv-01873 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP helped achieve final approval of a seven-figure class settlement on behalf of thousands of participants and beneficiaries to Advocate Health Care Network's Pension Plan based on alleged violations of the Employee Retirement Income Security Act ("ERISA").

**Brown v. Health Resource Solutions, Inc.**                      4/20/18 – Final Approval
*No. 16-cv-10667 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of class settlement for $900,000.00 in unpaid overtime wages on behalf of Home Health Clinicians who were misclassified as exempt under federal and state wage laws.



STEPHANZOURAS, LLP

ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

**Eggleston v. USCC Services, LLC.**                                   2/16/18 – Final Approval
*No. 16-cv-06775 (United States District Court for the Northern District of Illinois)*
As co-lead counsel, Stephan Zouras, LLP helped obtain final approval of a $1,250,000 class settlement for unpaid overtime wages on behalf of misclassified Sales Managers.

**Caison v. Sogeti USA, LLC, et al.**                                   2/12/18 – Final Approval
*No. 17-cv-2786 (United States District Court for the Northern District of Illinois)*
As lead counsel, Stephan Zouras, LLP achieved a class wide settlement on behalf of hundreds of Business Analysts who worked in excess of 40 hours per week and were not paid proper overtime compensation.

**Kaminski v. Bank of America, N.A.**                                   2/15/18 – Final Approval
*No. 16-cv-10844 (United States District Court for the Northern District of Illinois)*
Final approval for class settlement in the amount of $850,000 in unpaid wages was granted and awarded to a class of approximately 100 employees working as Senior Specialist-Securities and Operation Market Professionals.

**Byrne v. Centegra Health System**                                   1/29/18 – Final Approval
*No. 17-cv-00018 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of class settlement for $425,000 in unpaid overtime wages on behalf of registered nurses, physical therapists, occupational therapists, speech therapists and other similarly-designated skilled care positions who were misclassified as exempt under federal and state wage laws.

**Donoghue v. Verizon Communications, Inc.**                            11/16/17 – Final Approval
*No. 16-cv-4742 (United States District Court for the Eastern District of Pennsylvania)*
The Court granted final approval of class settlement for $800,000 in unpaid overtime wages on behalf of wireline workers who were hired to fill in for Verizon employees during a strike.  Despite regularly working 65 hours per week, these employees were classified as exempt and denied overtime wages.

**Tompkins v. Farmers Insurance Exchange**                             9/27/17 – Final Approval
*No. 14-cv-3737 (United States District Court for the Eastern District of Pennsylvania)*
The Court granted final approval of a $775,000.00 class settlement on behalf misclassified loan officers seeking unpaid overtime wages.

**In re Sears Holdings Corporation Stockholder and Derivative Litigation**    5/9/17 – Final Approval
*No. 11081-VCL (Court of Chancery of the State of Delaware)*
Stephan Zouras, LLP represented the Named Plaintiff in a $40 million settlement in connection with a 2015 sale by Sears of 235 properties to Seritage Growth Properties.

**Oaks v. Sears**                                                       4/12/17 – Final Approval
*No. 1:15-cv-11318 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP settled on behalf of thousands of consumers who own or once owned Sears Kenmore grills in a product defect class action.

**Hauser v. Alexian Brothers Home Health**                             4/06/17 – Final Approval
*No. 15-cv-6462 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP settled for $1 million on behalf of home health care clinicians who were misclassified as "exempt" and deprived of earned overtime wages.

CHICAGO     •     PHILADELPHIA     •     CHARLOTTE


**Leiner v. Johnson & Johnson**                                    1/31/17 – Final Approval
*No. 15-cv-5876 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of a $5 million settlement for consumers nationwide in a consumer fraud class action. Stephan Zouras, LLP represented consumers who were deceived into paying premium prices for Johnson & Johnson baby bedtime products which falsely claimed to help babies sleep better.

**Reed v. Friendly's Ice Cream, LLC, et al.**                       1/31/17 – Final Approval
*No. 15-cv-00298 (United States District Court for the Middle District of Pennsylvania)*
Stephan Zouras, LLP served as co-counsel and helped obtain final approval of a $3,500,000 class settlement on behalf of nationwide Servers who were not compensated for off-the-clock worked performed during unpaid meal breaks and after their scheduled shifts.

**McPhearson v. 33 Management**                                     11/3/16 – Final Approval
*No. 15-ch-17302 (Circuit Court of Cook County, IL)*
The Court granted final approval of class settlement on behalf of tenants of a Chicago apartment building where the landlords violated the City of Chicago Residential Landlord and Tenant Ordinance by collecting and holding tenant security deposits without paying interest earned.

**Cook v. Bank of America**                                         8/2/16 – Final Approval
*No. 15-cv-07718 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of $3,250,000 settlement for an Illinois Class and FLSA Collective on behalf of individuals who worked as Treasury Services Advisors and who were misclassified as exempt from earned overtime wages.

**Altnor v. Preferred Freezer Services, Inc.**                      7/18/16 – Final Approval
*No. 14-cv-7042 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as lead counsel in this lawsuit seeking recovery of wages for unpaid meal break work for a class of 80 cold storage warehouse workers.

**Lukas v. Advocate Health Care**                                   6/29/16 – Final Approval
*No. 14-cv-2740 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of a $4,750,000 settlement for a federal FLSA and Illinois Minimum Wage Law collective class of home health care clinicians who were wrongly classified as "exempt" from federal and state overtime laws.

**Kurgan v. Chiro One Wellness Centers LLC**                        4/27/16 – Final Approval
*No. 10-cv-1899 (United States District Court for the Northern District of Illinois)*
The Court granted Plaintiffs' motion for Section 216(b) certification of Plaintiffs' FLSA claim, granted Rule 23 certification of Plaintiffs' claims under the Illinois Minimum Wage Law and appointed Stephan Zouras, LLP as counsel for a class of chiropractic technicians and assistants.

**Heba v. Comcast**                                                 4/6/16 – Final Approval
*No. 12-471 (First Judicial District of Pennsylvania Court of Common Pleas of Philadelphia)*
The Court granted class certification to Customer Account Executives who worked at Comcast's Pennsylvania call centers and were required to work 15 minutes a day before their scheduled start time without pay. As lead counsel, Stephan Zouras, LLP achieved a favorable resolution for over 6,000 class members.

**Johnson v. Casey's General Stores, Inc.**                         3/3/16 – Final Approval
*No. 15-cv-3086 (United States District Court for the Western District of Missouri)*
The Court granted final approval on behalf of a certified class of employees of Casey's General Stores, Inc. to redress



# STEPHANZOURAS, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

violations of the Fair Credit Reporting Act (FCRA).

**Fields v. Bancsource, Inc.**                                    2/3/16 – Final Approval
*No. 14-cv-7202 (United States District Court for the Northern District of Illinois)*
The Court entered an order granted Plaintiffs' motion for Section 216(b) certification of a class of field engineers who were deprived of overtime for hours worked in excess of 40 in given workweeks.

**Elder, et al. v. Comcast Corporation**                         1/11/16 – Final Approval
*No. 12-cv-1157 (United States District Court for the Northern District of Illinois)*
The Court granted Plaintiffs' motion for conditional certification and appointed Stephan Zouras, LLP as counsel for a class of cable technicians who allege they were deprived of overtime wages in violation of federal law.

**Posada, et al. v. Continental Home Loans, Inc.**               1/13/16 - Final Approval
*15-cv-4203 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP was appointed class counsel and achieved a substantial settlement on behalf of a class of loan officers deprived of minimum and overtime wages.

**Struett v. Susquehanna Bank**                                  10/27/15 – Final Approval
*No. 15-cv-176 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as co-lead counsel in this lawsuit which recovered $300,000 in unpaid overtime wages for 31 misclassified loan officers.

**Faust, et al. v. Comcast Corporation**                         10/11/15 – Final Approval
*No. 10-cv-2336 (United States District Court for the Northern District of Maryland)*
The Court granted Plaintiffs' motion for conditional certification and appointed Stephan Zouras, LLP lead counsel for a class of call center employees.

**Butler, et al. v. Direct Sat**                                 9/3/15 - Final Approval
*No. 10-cv-08747 DKC (United States District Court for the District of Maryland)*
Stephan Zouras, LLP reached favorable resolution on behalf of a finally-certified collective class of technicians working in DirectSat's Maryland warehouses who were not paid overtime.

**Sosnicki v. Continental Home Loans, Inc.**                     7/30/15 - Final Approval
*No. 12-cv-1130 (United States District Court for the Eastern District of New York)*
As lead class counsel, Stephan Zouras, LLP achieved a six-figure settlement on behalf of a collective class of loan officers who were deprived of minimum wages and overtime in violation of federal and state law.

**Bordell v. Geisinger Medical Center**                          4/8/15 – Final Approval
*No. 12-cv-1688 (Northumberland Court of Common Pleas)*
The firm's attorneys served as lead counsel in this lawsuit which challenged Defendant's workweek averaging practices and recovered $499,000 in unpaid overtime wages for hospital workers.

**Harvey, et al. v. AB Electrolux, et al.**                      3/23/15 – Final Approval
*No. 11-cv-3036 (United States District Court for the Northern District of Iowa)*
As lead counsel, Stephan Zouras, LLP achieved a six-figure settlement amount on behalf of hundreds of production workers seeking unpaid earned wages.

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

**Price v. NCR Corporation**                                   3/18/15 – Final Approval
*No. 51-610-908-12 (AAA Arbitration)*
As lead class counsel, Stephan Zouras, LLP achieved a seven figure, arbitrator approved settlement on behalf of thousands of Customer Engineers nationwide who were deprived overtime wages in violation of federal law.

**Frebes, et al. v. Mask Restaurants, LLC**                    1/15/15 – Final Approval
*No. 13-cv-3473 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP was appointed class counsel and achieved a substantial settlement on behalf of hundreds of servers, bartenders and bussers forced to participate in an illegal "tip pool."

**Jones v. Judge Technical Services Inc.**                     12/15/14 – Final Approval
*No. 11-cv-6910 (United States District Court for the Eastern District of Pennsylvania)*
As lead class counsel, Stephan Zouras, LLP prevailed on summary judgment and subsequently achieved a seven-figure settlement on behalf of IT workers who were designated under the "Professional Day" or "Professional Week" compensation plan, misclassified as exempt from the FLSA and denied overtime pay.

**Howard, et al. v. Securitas Security Services USA, Inc.**    5/7/14 – Final Approval
*No. 08-cv-2746 (United States District Court for the Northern District of Illinois)*
**and, Hawkins v. Securitas Security Services USA, Inc.**
*No. 09-cv-3633 (United States District Court for the Northern District of Illinois)*
For settlement purposes, the Court certified a class of approximately ten thousand security guards seeking damages for unpaid wages and overtime under the FLSA and Illinois Minimum Wage Law.

**Thomas v. Matrix Corporation Services**                      2/12/14 – Final Approval
*No. 10-cv-5093 (United States District Court for the Northern District of Illinois)*
As lead counsel, Stephan Zouras, LLP achieved a six-figure settlement on behalf of a class of hundreds of technicians who allege they were deprived of overtime wages in violation of federal law.

**Ingram v. World Security Bureau**                            12/17/13 – Final Approval
*No. 11-cv-6566 (United States District Court for the Northern District of Illinois)*
Stephan Zouras secured a class settlement on behalf of several hundred security officers deprived of minimum wages and overtime in violation of federal and state law.

**Sexton v. Franklin First Financial**                         9/30/13 – Final Approval
*No. 08-cv-04950 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP achieved a settlement on behalf of a class of approximately 150 loan officers deprived of minimum wages and overtime in violation of the FLSA.

**Outlaw v. Secure Health, L.P.**                              9/24/13 – Final Approval
*No. 11-cv-602 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as lead counsel in this lawsuit seeking recovery of wages for unpaid pre-shift, meal break and uniform maintenance work for a class of 35 nursing home workers.

**Robinson v. RCN Telecom Services, Inc.**                     8/5/13 – Final Approval
*No. 10-cv-6841 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as co-lead counsel in this lawsuit which recovered $375,000 in unpaid overtime wages for misclassified cable television installers.


**Holland v. Securitas Security Services USA, Inc.**                7/26/13- Final Approval
*No. BC 394708 (Superior Court of California, County of Los Angeles)*
As class counsel, Stephan Zouras, LLP achieved a six figure settlement on behalf of thousands of security officers who allege they were deprived of overtime wages in violation of federal law.

**Jankuski v. Heath Consultants, Inc.**                7/2/13 - Final Approval
*No. 12-cv-04549 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP was appointed lead counsel and achieved a settlement on behalf of gas management technicians deprived of minimum wages and overtime in violation of the FLSA.

**Ord v. First National Bank of Pennsylvania**                6/21/13 – Final Approval
*No. 12-cv-766 (United States District Court for the Western District of Pennsylvania)*
The firm's attorneys served as co-lead counsel in this consumer fraud lawsuit which recovered $3,000,000 for consumers who had been made to pay improper overdraft fees.

**Holley v. Erickson Living Management, LLC**                6/13/13 – Final Approval
*No. 11-cv-2444 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as lead counsel in this lawsuit seeking recovery of wages for unpaid pre-shift and meal break work for a class of 63 nursing home workers.

**Hansen, et al. v. Per Mar Security Services**                5/15/13 - Final Approval
*No. 09-cv-459 (United States District Court for the Southern District of Iowa)*
Stephan Zouras, LLP was appointed class counsel and secured a settlement for hundreds of security guards deprived of minimum wages and overtime in violation of federal and state law.

**Pomphrett v. American Home Bank**                3/14/13 – Final Approval
*No. 12-cv-2511 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as co-lead counsel in this lawsuit which recovered $2,400,000 in unpaid overtime wages for misclassified loan officers.

**Murphy v. Rayan Brothers, et al.**                2/22/13 - Final Approval
*No. 11 CH 03949 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
Stephan Zouras, LLP achieved class wide recovery on behalf of a class of tenants for violations of the Chicago Residential Landlord and Tenant Ordinance (RLTO).

**Glatts v. Crozer-Keystone Health System**                2/6/13 – Final Approval
*No. 0904-1314 (Philadelphia Court of Common Pleas)*
The firm's attorneys served as co-lead counsel in this lawsuit which challenged Defendant's workweek averaging practices and recovered $1,200,000 in unpaid overtime wages for hospital workers.

**Chambers v. Front Range Environmental, LLC**                1/23/13 - Final Approval
*No. 12-cv-891 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP was appointed as class counsel and resolved this action on behalf of a class of maintenance workers.

**STEPHANZOURAS, LLP**

ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

**Piehl v. Baytree National Bank**                                    **1/3/13 - Final Approval**
*No. 12-cv-1364 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP was appointed class counsel and resolved this action on behalf of a class of Indiana loan officers who were paid on a commission-only basis and deprived of earned minimum wage and overtime in violation of the FLSA.

**Searson v. Concord Mortgage Corporation**                          **11/19/12 - Final Approval**
*No. 07-cv-3909 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP achieved a settlement on behalf of a class of 80 loan officers deprived of minimum wages and overtime in violation of the FLSA.

**Ellenbecker, et al. v. North Star Cable Construction, Inc., et al.**    **11/14/12 - Final Approval**
*No. 09-cv-7293 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP obtained Rule 23 certification, were appointed lead counsel, and achieved a significant monetary resolution for a class of several hundred cable technicians seeking unpaid overtime wages and the recovery of improper deductions from their pay.

**Williams, et al. v. Securitas Security Services USA, Inc.**        **11/8/12 - Final Approval**
*No. 10-cv-7181 (United States District Court for the Eastern District of Pennsylvania)*
As lead class counsel, Stephan Zouras, LLP achieved a settlement on behalf of a class of Pennsylvania security guards who were not paid for all time spent in training and orientation.

**Lacy, et al. v. The University of Chicago Medical Center**          **11/6/12 – Final Approval**
*No. 11-cv-5268 (United States District Court for the Northern District of Illinois)*
As lead class counsel, Stephan Zouras, LLP achieved a FLSA settlement for a collective class of hospital respiratory therapists.

**Molyneux, et al. v. Securitas Security Services USA, Inc.**        **11/5/12 - Final Approval**
*No. 10-cv-588 (United States District Court for the Southern District of Iowa)*
As lead class counsel, Stephan Zouras achieved a settlement on behalf of a class of Iowa and Wisconsin security guards who were not paid for all time spent in training and orientation.

**Davis v. TPI Iowa, LLC**                                            **9/6/12 - Final Approval**
*No. 11-cv-233 (United States District Court for the Southern District of Iowa)*
As class counsel, Stephan Zouras, LLP achieved a settlement on behalf of a collective class of production employees.

**Kernats, et al. v. Comcast Corporation**                            **5/28/12 - Final Approval**
*No. 09-cv-3368 (United States District Court for the Northern District of Illinois)*
As lead class counsel, Stephan Zouras, LLP achieved a seven-figure settlement on behalf of over 7,500 Customer Account Representatives (CAEs) for unpaid wages in a Rule 23 class action brought under Illinois wage law.

**Garcia, et al. v. Loffredo Fresh Produce Co., Inc.**               **5/24/12 - Final Approval**
*No. 11-cv-249 (United States District Court for the Southern District of Iowa)*
As class counsel, Stephan Zouras, LLP achieved a settlement on behalf of a collective class of produce processing employees.



**Larsen, et al. v. Clearchoice Mobility, Inc., et al.**          3/21/12 - Final Approval
*No. 11-cv-1701 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved an FLSA settlement on behalf of a collective class of retail sales consultants.

**Etter v. Trinity Structural Towers**          1/26/12 - Final Approval
*No. 11-cv-249 (United States District Court for the Southern District of Iowa)*
As class counsel, Stephan Zouras, LLP achieved a settlement on behalf of a collective class of production employees.

**Petersen, et al v. Marsh USA, Inc. et al.**          9/21/11 - Final Approval
*No. 10-cv-1506 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved a six-figure settlement on behalf of over 30 analysts who claimed they were misclassified under the FLSA.

**Thompson v. World Alliance Financial Corp.**          8/5/11 - Final Approval
*No. 08-cv-4951 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP were appointed lead counsel and achieved a settlement on behalf of a class of over one hundred loan officers deprived of minimum wages and overtime in violation of federal and state law.

**Vaughan v. Mortgage Source LLC, et al.**          6/16/11 - Final Approval
*No. 08-cv-4737 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP were appointed lead counsel and achieved a settlement on behalf of a class of loan officers deprived of minimum wages and overtime in violation of federal and state law.

**Harris, et al. v. Cheddar's Casual Cafe, Inc.**          6/1/11 - Final Approval
*No. 51 460 00557 10 (AAA Arbitration)*
Stephan Zouras served as lead counsel in six-figure class settlement on behalf of over 100 restaurant workers deprived of minimum wages and overtime.

**Turner v. Mercy Health System**          4/20/11 - Final Approval
*No. 0801-3670 (Philadelphia Court of Common Pleas)*
The firm's attorneys served as co-lead counsel in this lawsuit which challenged Defendant's workweek averaging practices and, in a case of first impression, recovered $2,750,000 in unpaid overtime wages for hospital workers.

**Brown et al. v. Vision Works, et al.**          3/4/11 - Final Approval
*No. 10-cv-01130 (United States District Court for the Northern District of Illinois)*
As lead class counsel, Stephan Zouras, LLP achieved a settlement on behalf of retail store managers improperly classified as exempt from overtime.

**Havard v. Osceola Foods, Inc., et al.**          2/28/11 - Final Approval
*No. LA CV 0111290 (Iowa District for Clarke County, Iowa)*
As lead class counsel, Stephan Zouras, LLP achieved a class settlement on behalf of meat processing plant employees who were not properly paid for donning and doffing activities performed before their shifts, during meal breaks and after their shifts.

**Lagunas v. Cargill Meat Solutions Corp.**          1/27/11 - Final Approval
*No. 10-cv-00220 (United States District Court for the Southern District of Iowa)*
Stephan Zouras, LLP served as co-lead counsel in class settlement on behalf of meat processing plant employees who were not properly paid for donning and doffing activities performed before their shifts, during meal breaks and after



STEPHANZOURAS, LLP

ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

their shifts.

### Anderson v. JCG Industries, Inc.
**9/2/10 - Final Approval**
*No. 09-cv-1733 (United States District Court for the Northern District of Illinois)*
As lead class counsel, Stephan Zouras, LLP achieved a six-figure settlement on behalf of meat processing plant employees who were not properly paid for time worked before their shifts, during meal breaks and after their shifts.

### Cedeno, et al. v. Home Mortgage Desk, Corp., et al.
**6/15/10 - Final Approval**
*No. 08-cv-1168 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP along with co-counsel was appointed lead counsel and achieved a six-figure settlement on behalf of a Section 216(b) collective class of loan officers deprived of overtime wages.

### Perkins, et al. v. Specialty Construction Brands, Inc.
**11/15/09 - Final Approval**
*No. 09-cv-1678 (United States District Court for the Northern District of Illinois)*
As lead class counsel, Stephan Zouras, LLP achieved a six-figure wage and hour settlement on behalf of a collective class of plant employees for claims of unpaid overtime, including time worked before the start of their shifts, during breaks and after the end of their shifts.

### Wineland, et al. v. Casey's General Stores, Inc.
**10/22/09 - Final Approval**
*No. 08-cv-00020 (United States District Court for the Southern District of Iowa)*
Stephan Zouras, LLP along with co-counsel was appointed lead counsel and achieved a seven-figure settlement on behalf of a Section 216(b) collective class and Rule 23 class of over 10,000 cooks and cashiers for unpaid wages, including time worked before and after their scheduled shifts and while off-the-clock.

### Jones, et al. v. Casey's General Stores, Inc.
**10/22/09 - Final Approval**
*No. 07-cv-400 (United States District Court for the Southern District of Iowa)*
Stephan Zouras, LLP along with co-counsel was appointed lead counsel and achieved a seven-figure settlement on behalf of a Section 2 l 6(b) collective class and Rule 23 class of assistant store managers for unpaid wages, including time worked before and after their scheduled shifts and while off-the-clock.

### Stuart, et al. v. College Park, et al.
**12/11/07 - Final Approval**
*No. 05 CH 09699 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
The firm's partners served as co-lead counsel in this case brought on behalf of a class of tenants who were seeking the refund of their security deposits. As a result of their efforts, Mr. Stephan and Mr. Zouras helped achieve a six-figure settlement on behalf of a class of over 100 tenants.

### Huebner et al. v. Graham C Stores
**11/15/07 - Final Approval**
*No. 06 CH 09695 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
Ryan Stephan of Stephan Zouras, LLP served as co-lead counsel in this wage and hour case involving claims for unpaid wages by a class of gas station employees. Mr. Stephan helped achieve a six-figure settlement for over 100 employees.

### Perez, et al. v. RadioShack Corporation
**9/14/07 - Final Approval**
*No. 02-cv-7884 (United States District Court for Northern District of Illinois)*
The firm's partners served as co-lead counsel in this nationwide Fair Labor Standards Act ("FLSA") overtime action brought on behalf of 4,000 retail store managers. Plaintiffs claimed they were improperly classified as exempt from the FLSA and owed overtime compensation for all hours worked in excess of 40 each week. In a case of first impression, the


Court granted summary judgment in favor of a sub-class of Plaintiffs who did not "regularly and customarily" supervise at least 80 hours of subordinate time per week at least 80% of the time as required by the executive exemption of the FLSA. The reported decision is *Perez v. RadioShack Corp.*, 386 F. Supp. 979 (N.D. Ill. 2005). As a result of the efforts of Plaintiffs' counsel, Plaintiffs obtained a nearly $9 million settlement on the eve of trial.

**Reinsmith, et al. v. Castlepoint Mortgage**                    **4/3/07 - Final Approval**
*No. 05-cv-01168 (United States District Court, Eastern District of Massachusetts)*
The firm's partners served as co-lead counsel in this action brought on behalf of a collective class of loan officers seeking to recover unpaid overtime. Mr. Stephan and Mr. Zouras helped achieve a seven-figure settlement on behalf of over 100 loan officers in this case.

**Kutcher, et al. v. B&A Associates**                    **11/20/06 - Final Approval**
*No. 03 CH 07610 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
The firm's partners served as co-lead counsel in this case brought on behalf of a class of tenants who were seeking damages based on alleged security deposit violations. As a result of their efforts, Mr. Stephan and Mr. Zouras helped achieve a six-figure settlement on behalf of a class of over 100 tenants.

**Ciesla, et al. v. Lucent Technologies, Inc.**                    **7/31/06 - Final Approval**
*No. 05-cv-1641 (United States District Court for the Northern District of Illinois)*
The firm's partners served as co-lead counsel in this breach of contract class action against a high-tech communications company. Mr. Stephan and Mr. Zouras helped obtain a seven-figure settlement on behalf of the class.

**Casale, et al. v. Provident Bank**                    **7/25/05 - Final Approval**
*No. 04-cv-2009 (United States District Court for the District of New Jersey)*
The firm's partners served as co-lead counsel in this case brought on behalf of a collective class of over 100 loan officers who were seeking damages based on wage and hour violations of the FLSA. As a result of their efforts, Mr. Stephan and Mr. Zouras helped achieve a seven-figure settlement on behalf of the Plaintiffs.

**Corbin, et al. v. Barry Realty**                    **3/22/05 - Final Approval**
*No. 02 CH 16003 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
The firm's partners served as co-lead counsel in this case brought on behalf of a class of tenants who were seeking the refund and interest on their security deposits as called for by the Chicago Residential Landlord Tenant Ordinance. As a result of their efforts, Mr. Stephan and Mr. Zouras helped achieve a six-figure settlement on behalf of a class of over 100 tenants.

## BIOMETRIC INFORMATION PRIVACY CLASS ACTION LAWSUITS

**Our firm is at the forefront of BIPA litigation to protect the biometric data and privacy of employees and consumers. We have brought numerous class action lawsuits against employers and other retail businesses who have collected biometric data without consent and without instituting the proper safeguards including;**

- **Battles, et al v. Southwest Airlines Co., et al.**
  *No. 01-19-0000-0715 (American Arbitration Association)*

# STEPHANZOURAS, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

- **Bello, et al. v. The Parc at Joliet, LLC**
  *No. 18-CH-1888 (Circuit Court of Will County, State of Illinois)*
- **Brown, et al. v. Weathertech**
  *No. 19-CH-00503 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Bryant, et al. v. Loews Chicago Hotel, Inc., et al.**
  *No. 18-CH-09477 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Bryski, et al. v. Nemera Buffalo Grove, LLC, et al.**
  *No. 18-CH-07264 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Burt, et al. v. Anixter Inc, et al.**
  *No. 19-CH-04569 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Cacy, et al. v. Agco Corporation, et al.**
  *No. 18-CH-09968 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Cade v. East Lake Management Group, Inc., et al.**
  *No. 19-CH-02597 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Cameron, et al. v. Polar Tech Industries, Inc., et al.**
  *No. 19-CH-000013 (Circuit Court of the Twenty-Third Judicial Circuit, Chancery Division, State of Illinois)*
- **Chatman, et al. v. Crate and Barrel**
  *No. 18-CH-09277 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Cothron v. White Castle, et al.**
  *No. 19-cv-00382 (United States District Court for the Northern District of Illinois)*
- **Crooms, et al. v. Southwest Airlines**
  *No. 19-cv-02149 (United States District Court for the Northern District of Illinois)*
- **Diaz, et al. v. Silver Cross Hospital**
  *No. 18-CH-1327 (Circuit Court of Will County, State of Illinois)*
- **Doporcyk, et al. v. Mariano's**
  *No. 17-CH-08092 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Dixon, et al. v. Smith Senior Living**
  *No. 17-cv-08033 (United States District Court for the Northern District of Illinois)*
- **Edmond, et al. v. DPI Specialty Foods, Inc., et al.**
  *No. 2018-CH-09573 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Fields, et al. v. Abra Auto Body & Glass**
  *No. 17-CH-12271 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Figueroa, et al. v. Kronos, Inc.**
  *No. 19-cv-01306 (United States District Court for the Northern District of Illinois)*
- **Figueroa, et al. v. Tony's Fresh Market, et al.**
  *No. 18-CH-15728 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Fox, et al. v. Dakkota Integrated Systems, Inc.**
  *No. 19-CH-03620 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Fuentes, et al. v. Focal Point Exports, LTD., et al.**
  *No. 19-CH-03890 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **George, et al. v. Bricton 191 Associates, LLC, et al.**
  *No. 19-CH-04014 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **George, et al. v. Marriot International, Inc., et al.**
  *No. 18-CH-04413 (Circuit Court of Cook County, Chancery Division, State of Illinois)*

# STEPHANZOURAS, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

- **Goings, et al. v. Applied Acoustics**
  *No. 17-CH-14954 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Guy, et al. v. Barton Healthcare, LLC**
  *No. 19-CH-04264 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Heard, et al. v. St. Bernard Hospital, et al.**
  *No. 17-CH-16828 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Heard, et al v. THC-North Shore, Inc.**
  *No. 17-CH-16918 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Henderson, et al. v. ADP, LLC, et al.**
  *No. 18-CH-07139 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Jackson, et al. v. A. Finkl & Sons, Co., et al.**
  *No. 18-CH-07424 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Johns, et al. v. Club Fitness of Alton, LLC**
  *No. 18-L-000080 (Circuit Court of Madison County, Law Division, State of Illinois)*
- **Johnson, et al. v. Gold Standard Baking, Inc., et al.**
  *No. 18-CH-09011 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Johnson, et al. v. Houston Foods, Inc., et al.**
  *No. 19-CH-03586 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Jones, et al. v. Hooters Management Corporation, et al.**
  *No. 18-Ch-00908 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Kane, et al. v. Con-Tech Lighting, et al.**
  *No. 18-CH-12194 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Kardos, et al. v. ABT Electronics, Inc.**
  *No. 19-CH-01235 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Keene, et al. v. Plymouth Place, Inc., et al.**
  *No. 19-CH-01953 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Krause, et al. v. Caputo's New Farm Produce, et al.**
  *No. 18-Ch-11660 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Liu, et al. v. Four Seasons**
  *No. 17-CH-14949 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Mazya, et al. v. Northwestern Lake Forest Hospital, et al.**
  *No. 18-CH-07161 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Morris, et al. v. Imperial Towers Condominium Assn.**
  *No. 18-CH-00989 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Morris, et al. v. Wow Bao**
  *No. 17-CH-12029 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Mosby, et al. v. The Ingalls Memorial Hospital, et al.**
  *No. 18-CH-05031 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Namuwonge, et al. v. Brookdale Senior Living, Inc.**
  *No. 19-CH-04411 (Circuit Court of Cook County. Chancery Division, State of Illinois)*
- **Ogen, et al. v. Wyndham Hotels & Resorts**
  *No. 17-CH-15626 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Peaks-Smith, et al. v. Saint Anthony Hospital, et al.**
  *No. 18-CH-07077 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Peatry, et al. v. Bimbo Bakeries USA, Inc.**
  *No. 19-CH-03945 (Circuit Court of Cook County, Chancery Division, State of Illinois)*

# STEPHANZOURAS, LLP

ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

- **Ramsey, et al. v. Daley's Medical Transportation, Inc.**
  *No. 18-CH-01935 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Robertson, et al. v. Hostmark Hospitality Group, Inc., et al.**
  *No. 18-CH-05194 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Sanchez, et al v. Elite Labor Services**
  *No. 18-CH-02651 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Stidwell, et al. v. NFI, LLC, et al.**
  *No. 19-cv-00770 (United States District Court for the Northern District of Illinois)*
- **Tellado, et al. v. Rich Products Corporation, et al.**
  *No. 2018-CH-07627 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Thome, et al. v. Flexicorps, Inc.**
  *No. 18-CH-01751 (Circuit Court of Cook County, Chancery Division)*
- **Thurman, et al. v. Northshore University HealthSystem**
  *No. 18-CH-03544 (Circuit Court of Cook County, Chancery Division)*
- **Tims, et al. v. Black Horse Carriers, Inc.**
  *No. 19-CH-03522 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Treadwell, et al. v. Power Solutions International, Inc., et al.**
  *No. 18-cv-08212 (United States District Court for the Northern District of Illinois)*
- **Van Jacobs, et al. v. New World Van Lines, Inc.**
  *No. 19-CH-02619 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Walker, et al. v. Hearthside Food Solutions, LLC**
  *No. 19-CH-04159 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Walton, et al. v. Roosevelt University**
  *No. 19-CH-04176 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Watts, et al. v. Chicago Lakeshore Hospital**
  *No. 17-CH-12756 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **White, et al. v. Art Van Furniture, Inc.**
  *No. 19-CH-04671 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **White v. East Side Child Development Center, et al.**
  *No. 18-CH-09599 (Circuit Court of Cook County, Chancery Division)*

FILED
11/12/2019 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH12856

7309680

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| ELLIOTT OSBORNE, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2019-CH-12856 |
| v. | ) ) | |
| WEWORK COMPANIES INC., *et al.*, | ) ) | Honorable Judge David B. Atkins |
| Defendants. | ) ) | |

## PLAINTIFF'S MOTION FOR SUBSTITUTION OF JUDGE AS OF RIGHT

NOW COMES the Plaintiff, Elliott Osborne ("Plaintiff"), by and through his undersigned counsel and hereby moves this Court pursuant to 735 ILCS § 5/2-1001 for a substitution of judge as of right and states as follows:

1. Section 2-1001 of the Illinois Code of Civil Procedure entitles a party to one substitution of judge without cause and as of right.

2. Section 2-1001(a)(2)(ii) provides that "[a]n application for substitution of judge as of right . . . shall be granted if it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, or if it is presented by consent of the parties." 735 ILCS § 5/2-1001.

3. As of the date of this Motion, no rulings on any substantial issues in the case have been issued.

4. Plaintiff Elliott Osborne wishes to exercise his right to substitute, pursuant to 735 ILCS § 5/2-1001(a)(2).

WHEREFORE, for the reasons stated above, Plaintiff Elliott Osborne respectfully requests that this Court grant his Motion for a substitution of judge as of right.

Dated: November 11, 2019

Respectfully Submitted,

*/s/ Haley R. Jenkins*
Ryan F. Stephan
James B. Zouras
Haley R. Jenkins
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza, Suite 2150
Chicago, IL 60606
312-233-1550
312-233-1560 *f*
Firm ID: 43734
rstephan@stephanzouras.com
jzouras@stephanzouras.com
hjenkins@stephanzouras.com

**ATTORNEY FOR PLAINTIFF AND THE PUTATIVE CLASS**

FILED
11/12/2019 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH12856

7309680

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| ELLIOTT OSBORNE, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 2019-CH-12856 |
| v. | ) ) |
| WEWORK COMPANIES INC., *et al.*, | ) Honorable Judge David B. Atkins ) |
| Defendants. | ) |

### NOTICE OF MOTION

PLEASE TAKE NOTICE that on _____12/16/19_____ at_____10:00_____ or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge David B. Atkins, or any judge sitting in his stead, in the courtroom usually occupied by him at 50 W. Washington St., Room 2102, and present **PLAINTIFF'S MOTION FOR SUBSTITUTION OF JUDGE AS OF RIGHT.**

Respectfully Submitted,

*/s/ Haley R. Jenkins*
Ryan F. Stephan
James B. Zouras
Haley R. Jenkins
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza, Suite 2150
Chicago, IL 60606
312-233-1550
312-233-1560 *f*
Firm ID: 43734
rstephan@stephanzouras.com
jzouras@stephanzouras.com
hjenkins@stephanzouras.com

**ATTORNEY FOR PLAINTIFF AND THE PUTATIVE CLASS**

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on November 11, 2019, I filed the attached with the Clerk of the Court using the electronic filing system, which will send such filing to all attorneys of record.

*/s/ Haley R. Jenkins*

Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
11/12/2019 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH12856

7308442

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |  |
|---|---|---|
| ELLIOTT OSBORNE, individually, and on behalf of all others similarly situated, | ) ) ) |  |
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Case No. 2019ch12856 |
| WEWORK COMPANIES INC., WEWORK CONSTRUCTION LLC, WW 210 N GREEN LLC d/b/a WEWORK, 332 S MICHIGAN TENANT LLC d/b/a WEWORK GRANT PARK, WW 111 WEST ILLINOIS LLC d/b/a WEWORK RIVER NORTH, 20 W KINZIE TENANT LLC d/b/a WEWORK4, 100 S STATE STREET TENANT LLC d/b/a WEWORK5, 125 S CLARK STREET TENANT LLC d/b/a WEWORK6, 222 S RIVERSIDE PLAZA TENANT LLC d/b/a WEWORK8, 330 NORTH WABASH TENANT LLC d/b/a WEWORK9, 515 N STATE STREET TENANT LLC d/b/a WEWORK10, 1 SOUTH DEARBORN STREET TENANT LLC d/b/a WEWORK11, 625 WEST ADAMS STREET TENANT LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |  |
| Defendants. | ) ) |  |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **November 26, 2019** at **10:00 am** or as soon thereafter as counsel may be heard, I shall appear before the Honorable David B Atkins, or any judge sitting in his stead, in the courtroom usually occupied by him at 50 W. Washington St., Chicago, Illinois, Room 2102, and present PLAINTIFF'S MOTION FOR CLASS CERTIFICATION.

Respectfully submitted,

*/s/ Haley R. Jenkins*
Ryan F. Stephan
James B. Zouras
Attorneys for Plaintiff
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, IL  60606
Telephone:  312-233-1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com
hjenkins@stephanzouras.com
Firm ID: 43734

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on November 11, 2019, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

*/s/ Haley R. Jenkins____*