# Attachment E

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
# COUNT DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| ALEX PRELIPCEANU, individually and on behalf of a class of similarly situated individuals,<br><br>*Plaintiff,*<br><br>v.<br><br>JUMIO CORPORATION, a Delaware corporation<br><br>*Defendant.* | No. 2018-CH-15883<br><br>Hon. Michael T. Mullen |

## **FINAL ORDER AND JUDGMENT**

This matter coming to be heard on Plaintiff's Motion for Final Approval of Class Action Settlement (the "Motion"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises, IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1. Unless otherwise noted, all capitalized terms in this Final Order and Judgment shall have the same meaning as ascribed to them in the Settlement Agreement between Alex Prelipceanu ("Plaintiff") and Defendant Jumio Corporation ("Defendant"). Defendant and Plaintiff are collectively referred to herein as the "Parties."

2. This Court has jurisdiction over the subject matter of the Litigation and personal jurisdiction over all parties to the Litigation, including all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated December 23, 2019, and the Court finds that adequate notice was given to the members of the Settlement Class pursuant to the terms of the Preliminary Approval Order.

1

4. The Court has read and considered all of the submissions presented with respect to the proposed Settlement, including the papers filed in support of this Motion for Final Approval, the Settlement Agreement and exhibits thereto and declarations supporting this Motion.

5. The Court held a Final Approval Hearing on July 21, 2020, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

6. Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the Final Approval Hearing, the Court now gives final approval to the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class. The complex legal and factual posture of the Litigation, and the fact that the Settlement Agreement is the result of arms-length negotiations presided over by a neutral mediator, further support this finding.

7. Pursuant to 735 ILCS 5/2-801 and 2-802, the Court finally certifies, for settlement purposes only, the following Settlement Class:

> All individuals in Illinois whose Biometrics or photos were collected, captured, purchased, received through trade, otherwise obtained or in the possession of Jumio and/or any of its parents, subsidiaries, or agents, or their technology, at any time between December 21, 2013 and December 23, 2019.

8. The persons who are listed on Exhibit A to this order have made timely and valid requests for exclusion and are excluded from the Settlement Class and are not bound by this Final Order and Judgment.

9. For settlement purposes only, the Court confirms the appointment of Plaintiff Alexander Prelipceanu as Class Representative of the Settlement Class.

10. For settlement purposes only, the Court confirms the appointment of the following counsel as Class Counsel, and finds they are experienced in class litigation and have adequately represented the Settlement Class:

> Myles McGuire
> Evan M. Meyers
> David L. Gerbie
> Andrew L. Heldut
> MCGUIRE LAW, P.C.
> 55 W. Wacker Drive, 9th Floor
> Chicago, IL 60601
> mmcguire@mcgpc.com
> emeyers@mcgpc.com
> dgerbie@mcgpc.com
> aheldut@mcgpc.com
> Tel: 312-893-7002

11. With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and those common questions predominate over any questions affecting only individual members; (c) the Class Representative and Class Counsel have fairly and adequately protected, and will continue to fairly and adequately protect the interests of the Settlement Class; and (d) certification of the Settlement Class is an appropriate method for the fair and efficient adjudication of this controversy.

12. The Court has determined that the Notice given to the Settlement Class Members in accordance with the Preliminary Approval Order fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of 735 ILCS 5/2-803, applicable law, and the Due Process Clauses of the U.S. Constitution and the Illinois Constitution.

3

13. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The terms of the Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

14. The Court dismisses the Litigation with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff's and all Settlement Class Members' claims against Defendant. The Court adjudges that the Settled Claims and all of the claims described in the Settlement Agreement are released against the Released Parties.

15. The Court adjudges that the Plaintiff and all Settlement Class Members who have not opted out of the Settlement Class shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Settled Claims against the Released Parties, as defined under the Settlement Agreement.

16. The Settled Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement Agreement, and the releases contained therein, become effective. The Court finds that Plaintiff has, and the Settlement Class Members are deemed to have, knowingly waived the protections of any law of the United States or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code Section 1542 which provides:

> ***A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that if known by him or her, would have materially affected his or her settlement with the debtor or released party.***

17. The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the Release of the Settled Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on

4

behalf of Plaintiff and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective heirs, administrators, devisees, predecessors, successors, attorneys, representatives, shareholders, partners, directors, officers, owners, affiliates, and assignees, as well as the Settlement Class Members' respective subrogees and insurers, as set forth in the Settlement Agreement. The Released Parties may file the Settlement Agreement and/or this Final Order and Judgment in any action or proceeding that may be brought against them in order to support an applicable defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. Plaintiff and Settlement Class Members who did not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Settled Claims or any of the claims described in the Settlement Agreement against any of the Released Parties.

19. The Court approves payment of attorneys' fees, costs and expenses to Class Counsel in the amount of $2,817,103.00. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs and expenses and in response to any timely filed objections thereto, finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was

negotiated at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Settlement Class Members. Finally, the Court notes that the Class Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award in the amount sought and that no Class Members objected to the attorneys' fees sought.

20. The Court approves the incentive award in the amount of $10,000 for the Class Representative Alex Prelipceanu, and specifically finds such amount to be reasonable in light of the services performed by Plaintiff for the Settlement Class, including taking on the risks of litigation and helping achieve the results to be made available to the Settlement Class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

21. Neither this Final Order and Judgment, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or of the validity of any of the Settled Claims. This Final Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by Defendant or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Plaintiff, the Settlement Class Members, or Defendant.

22. Having reviewed the Objection filed by Ms. Ashley Allen, as well as the Motion for Final Approval filed by Plaintiff and Defendant's Response to Ms. Allen's Objection, and having heard lengthy presentation of oral argument by counsel for Ms. Allen, Defendant, and

Class Counsel, the Court overrules Ms. Allen's Objection. While the Court finds that Ms. Allen's Objection was timely, the Court overrules Ms. Allen's Objection on the merits and finds that the Release set forth in the Settlement Agreement and provided for by operation of this Settlement is unambiguous and is fair and reasonable in light of the nature of the Litigation and the substantial monetary and non-monetary benefits that the Settlement provides to the Settlement Class Members. The Court finds that no reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order and Judgment.

23. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Order and Judgment and do not limit the rights of the Settlement Class Members.

**IT IS SO ORDERED.**

ENTERED: _____

**Judge Michael T. Mullen**
**JUL 21 2020**
**Circuit Court-2084**

_____
Hon. Michael T. Mullen
Cook County Circuit Court Judge

7