IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELLIOTT OSBORNE, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 1:19-cv-8374 |
| v. | ) ) | Honorable Edmond E. Chang |
| WEWORK COMPANIES INC., *et al.*, | ) ) | Magistrate Judge Young B. Kim |
| Defendants. | ) ) ) | |

**DEFENDANTS' REPLY IN SUPPORT OF
THEIR UNOPPOSED MOTION TO DISMISS**

Plaintiff Elliott Osborne has not responded to WeWork's[1] Motion to Dismiss in an apparent, tactical decision by his counsel Stephan Zouras LLP ("Stephan Zouras") to abandon Plaintiff's claims because they are no longer viable. As Defendants argued in their moving papers (Dkt. 56), Plaintiff's counsel has known for a year that the claims at issue in this action were released by the Jumio Settlement. So, while it comes as no surprise that Plaintiff has walked away from his claims, for his counsel to do so in a way that required WeWork to submit unnecessary and costly briefing is precisely the type of conduct deserving of an award of attorneys' fees. Accordingly, WeWork respectfully requests the Court dismiss Plaintiff's claims with prejudice and to order Plaintiff's counsel to pay WeWork's fees and costs incurred in filing its Motion to Dismiss and this Reply.

---

[1] Capitalized terms not otherwise defined herein have the meaning given them in WeWork's Motion to Dismiss.

**I.     AFTER INDICATING OPPOSITION TO WEWORK'S MOTION TO DISMISS, PLAINTIFF'S COUNSEL DID NOT RESPOND TO THE MOTION.**

On May 13, 2021, WeWork filed its Motion to Dismiss. Dkt. 56. Per this Court's standing order, before filing the motion, WeWork's counsel conferred with Plaintiff's counsel, who indicated she wished to brief the motion. Accordingly, the day after the motion was filed, the parties filed a joint status report, which included a briefing schedule. Dkt. 54. In the joint status report, Plaintiff requested June 14, 2021 as the date by which Plaintiff would respond to WeWork's Motion to Dismiss. *Id*. Plaintiff did not file a response on the date it was due, that his counsel requested, and still has not responded.

**II.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE.**

As discussed in WeWork's Motion to Dismiss (Dkt. 56), counsel for Plaintiff, Stephan Zouras, knew that Elliott Osborne was subject to the Jumio Settlement and that Osborne's claims against WeWork would be released in that settlement. Dkt. 56 at 6. Yet, Plaintiff's counsel continued to litigate Plaintiff's frivolous positions and compelled WeWork to do the same.

Plaintiff's failure to respond to WeWork's Motion to Dismiss on the date Plaintiff requested the response be due makes clear that Plaintiff and his counsel have abandoned this meritless litigation against WeWork. Plaintiff's continued failure to respond—for over three weeks now—confirms that Plaintiff would rather his claims be dismissed than to respond to the arguments made in WeWork's Motion to Dismiss.

Accordingly, Plaintiff's claims should be dismissed with prejudice. *See Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1043 (7th Cir. 1999) (dismissing plaintiff's claims with prejudice for failing to respond responsively to defendant's motion to dismiss); *Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995) (same); *see also Phongsa v. JP Morgan Chase Bank, N.A.*, No. 13 C 5573, 2014 WL 2510203, at *2 (N.D. Ill. June 3, 2014)

(dismissing plaintiff's claims with prejudice because she failed to respond to defendant's plausible arguments in support of dismissal); *Barnes v. Homestart Mortg. Corp.*, No. 11 C 8632, 2012 WL 4434683, at *2 (N.D. Ill. Sept. 20, 2012) (finding that plaintiff's failure to respond "is a sufficient basis within itself" to grant defendant's motion to dismiss); *Dillard v. Serv. Emps. Int'l Union, Loc. 73, CTW, CLC*, No. 11 C 3360, 2012 WL 714631, at *2 (N.D. Ill. Mar. 1, 2012) (same).

**III.     WEWORK SHOULD BE AWARDED ITS FEES AND COSTS.**

WeWork's Motion to Dismiss was a significant undertaking, as it required counsel not only to revise and renew arguments WeWork made in its original motion to dismiss, but also to extensively vet the Jumio Settlement, obtain filings and other materials relating to it, and obtain a declaration from the claims administrator responsible for overseeing the Jumio Settlement. *See* Dkt. 56, Att. A-H. Given Stephan Zouras's apparent intentional tactical choice to abandon this case (discussed further below), WeWork requests its fees and costs incurred in preparing and filing its renewed Motion to Dismiss and this Reply. An award of fees and costs is justified under both 28 U.S.C. § 1927 and the Court's inherent authority.

Under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "'Objective bad faith' will support a sanction under § 1927. A lawyer demonstrates objective bad faith when she 'pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound.'" *Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1082 (7th Cir. 2018) (citations omitted). "A court has broad discretion using this power." *Id*.

Especially pertinent here, the statute imposes "a continuing duty upon attorneys to dismiss claims that are no longer viable." *The Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720

3

(7th Cir. 2006); *Dahnke v. Teamsters Local 695*, 906 F.2d 1192, 1201 n.6 (7th Cir. 1990) (same, collecting cases). The Court also has the inherent authority to sanction an attorney for pursuing a bad-faith litigation strategy. *Boyer v. BNSF Ry. Co.*, 832 F.3d 699, 702 (7th Cir. 2016).

Here, applying an objective standard, Plaintiff's counsel has known at least since the final approval of the Jumio Settlement in July 2020 that Osborne's claims against WeWork were no longer viable, to the extent they ever were. *See* Motion to Dismiss Dkt. 56 at 6 & Att. C (discussing and attaching emails and affidavits demonstrating that James Zouras, counsel of record in this case, knew Osborne's claims against WeWork were released by the Jumio Settlement). Instead of dismissing the claim as they should have then, Stephan Zouras (i) indicated they would continue to litigate this case; (ii) specifically requested briefing on WeWork's renewed motion to dismiss; (iii) negotiated a briefing schedule that was ordered by this Court (Dkt. 54); and (iv) forced WeWork to file costly and time consuming motion papers.

WeWork respectfully submits that Stephan Zouras's decision not to respond was intentional, and precisely the type of conduct deserving of sanctions under 28 U.S.C. § 1927 and the Court's inherent power. Plaintiff's firm, which has filed over 100 BIPA cases and has dozens of such cases pending, has habitually taken extreme positions, and, when shown those positions were frivolous, tried to duck out of the case quietly, forcing defense counsel to incur additional expenses to ensure justice was achieved through the entry of an appropriate final order. *See* Ex. A, *Williams v. Jackson Park SLF, LLC*, No. 1:19-cv-01898, Dkt. 45 (N.D. Ill.) (Rowland, J.) (dismissing case with prejudice only after plaintiff's counsel tried to avoid a Seventh Circuit decision by dismissing the case without prejudice, forcing defendant to file unnecessary response); Ex. B, *Fox v. Dakkota Integrated Systems, LLC*, No. 1:19-cv-02872, Dkt. 68 (N.D. Ill.) (Kocoras, J.) (same as *Williams v. Jackson Park*); Ex. C, *Brewton v. First Student, Inc.*, No. 1:20-

4

cv-07017, Dkt. 33 (N.D. Ill.) (Shah, J.) (dismissing with prejudice where Stephan Zouras sued the wrong defendant and then failed to prosecute the case, stating that Stephan Zouras "should have pulled back when defendant pointed out . . . potential problems" with the case).

WeWork's Motion to Dismiss contained no information not already known to Plaintiff's counsel. WeWork never should have been forced to prepare and file this motion in the first place. Plaintiff's counsel's position was objectively unreasonable and unnecessarily multiplied this litigation. The Court should, therefore, award WeWork its fees and costs.

## CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiff's Class Action Complaint with prejudice and order Plaintiff's counsel to pay WeWork's fees and costs incurred in preparing its renewed Motion to Dismiss and this Reply.

Dated: July 8, 2021

Respectfully submitted,

THE WEWORK DEFENDANTS

By: /s/ Matthew C. Wolfe
One of Their Attorneys

Melissa A. Siebert
Matthew C. Wolfe
Yara K. Rashad
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
masiebert@shb.com
mwolfe@shb.com
yrashad@shb.com

## CERTIFICATE OF SERVICE

I, Matthew C. Wolfe, an attorney, hereby certify that on **July 8, 2021,** I caused a true and correct copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS** to be filed electronically. Notice of this filing will be sent through the Court's CM/ECF system to the following counsel:

>Ryan F. Stephan
>James B. Zouras
>Catherine T. Mitchell
>Haley R. Jenkins
>STEPHAN ZOURAS, LLP
>100 North Riverside Plaza, Suite 2150
>Chicago, IL 60601
>(312) 233-1550
>(312) 233-1560 (Fax)
>jzouras@stephanzouras.com
>rstephan@stephanzouras.com
>hjenkins@stephanzouras.com
>
>*Attorneys for the WeWork Defendants*

          */s/ Matthew C. Wolfe*