# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER WILLIAMS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JACKSON PARK SLF, LLC,<br><br>Defendant. | Case No. 1:19-cv-08198<br><br>Hon. Mary M. Rowland |

## RESPONSE TO PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL

In response to Plaintiff's Notice of Voluntary Dismissal (Dkt. 43), Defendant Jackson Park SLF, LLC ("Jackson Park") requests that the dismissal be made with prejudice. In support, Jackson Park states as follows:

1. On September 24, 2020, this Court applied *Miller v. Southwest Airlines Co.*, 926 F.3d 898 (7th Cir. 2019) to hold that Plaintiff's BIPA claims are preempted by federal labor law. This Court permitted Plaintiff an opportunity to file a second amended complaint, if he could do so consistent with FED. R. CIV. P. 11. Plaintiff did not file a second amended complaint.

2. On November 19, 2020, Jackson Park notified this Court of supplemental authority in *Fox v. Dakkota*, Case No. 20-2782. (Dkt. 41.) In *Fox*, the Seventh Circuit confirmed that *Miller* controlled in a carbon-copy case involving the same facts and legal questions.

3. On November 20, 2020, this Court ordered Plaintiff to submit a response to Jackson Park's submission of supplemental authority. (Dkt. 42.) The Order informed Plaintiff that "[i]f Plaintiff does not file a response, the case will be dismissed with prejudice." (*Id.*)

4. Rather than file a substantive response, Plaintiff instead filed a Notice of Voluntary Dismissal, (Dkt. 43), tacitly acknowledging that there is simply no way for Plaintiff to plead around

4851-4149-9347

controlling authority in *Miller* and *Fox*. Plaintiff's Notice of Voluntary Dismissal does not state whether the dismissal is with or without prejudice. Because Plaintiff did not file the response contemplated by the Court's November 20, 2020 Order, Jackson Park requests that the Court make the record clear and enter an order stating that the dismissal is with prejudice.

WHEREFORE, Jackson Park respectfully requests the Court dismiss Plaintiff's lawsuit with prejudice.

Dated: December 3, 2020

Respectfully submitted,

**JACKSON PARK SLF, LLC**

By:   /s/ *Jonathon M. Studer*
      One of Its Attorneys
Melissa A. Siebert (#6210154)
Matthew C. Wolfe (#6307345)
Jonathon M. Studer (#6321582)
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195
masiebert@shb.com
mwolfe@shb.com
jstuder@shb.com

**CERTIFICATE OF SERVICE**

I certify that, on December 3, 2020, the foregoing was filed with the Court using the Court's electronic case filing system, which will send notification to all registered users.

                                                                                    */s/ Jonathon M. Studer*

4851-4149-9347

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.3.3
### Eastern Division

Christopher Williams
                                            Plaintiff,

v.                                                                                    Case No.: 1:19−cv−08198
                                                                                   Honorable Mary M. Rowland

Jackson Park SLF, LLC, et al.
                                            Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, December 4, 2020:

       MINUTE entry before the Honorable Mary M. Rowland: Case is dismissed with prejudice as to plaintiff Williams. This dismissal does not impact any purported class members. Any pending motions are denied as moot. Civil case terminated. Mailed notice. (dm, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RAVEN FOX, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 19-cv-02872 |
| DAKKOTA INTEGRATED SYSTEMS, LLC, | ) ) ) ) | Hon. Charles P. Kocoras |
| Defendant. | ) ) | |

## RESPONSE TO PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL

In response to Plaintiff's Notice of Voluntary Dismissal (Dkt. 66), Defendant Dakkota Integrated Systems, LLC ("Dakkota") requests that dismissal be made with prejudice. In support of this request, Dakkota states as follows:

1. This lawsuit involves claims brought by a union-represented employee against her employer Dakkota, alleging that Dakkota violated three sections of BIPA—*i.e.*, sections 15(a), (b), and (d). (Dkt. 40 at 2–3.) Dakkota moved to dismiss all three claims because they are preempted by federal labor law under *Miller v. Southwest Airlines Co.*, 926 F.3d 898 (7th Cir. 2019), which held that claims under BIPA sections 15(a), (b), and (d) brought by union-represented employees were preempted by the Railway Labor Act ("RLA").

2. On May 26, 2020, this Court correctly held that Plaintiff's claims under sections 15(b) and (d) of BIPA were preempted by the Labor Management Relations Act ("LMRA"). This Court reasoned, as many others in the Northern District have held, that "*Miller* governs the Court's analysis of the preemption issue here because the RLA's preemption standard is 'virtually identical

4831-1916-2326

to the pre-emption standard the Court employs in cases involving [Section] 301 of the LMRA.'" *See* Dkt. 40 at 7, quoting *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 260 (1994).

3. The Court did not consider whether Plaintiff's section 15(a) claim was preempted by the LMRA because it held that, under the Seventh Circuit's recent decision in *Bryant*, there was no Article III standing over that claim. Therefore, the Court severed the section 15(a) claim and remanded it to state court. Dkt. 40 at 3–4, citing *Bryant v. Compass Group USA Inc.*, 958 F.3d 617 (7th Cir. 2020).

4. On November 17, 2020, the Seventh Circuit issued an opinion in Dakkota's appeal. It held there were two grounds for standing over the section 15(a) claim and, therefore, reversed the remand order. *Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1156 (7th Cir. 2020). The Seventh Circuit stated that, on remand, "there remains the question whether section 15(a) is preempted by the LMRA" and that "the answer appears to flow directly from *Miller*." *Id.*

5. On December 9, 2020, Dakkota filed a renewed motion to dismiss asking this Court to dismiss all of Plaintiff's BIPA claims with prejudice. (Dkt. 60 at 3–4.)

6. This Court ordered Plaintiff to file a response by January 6, 2021. (Dkt. 65.) Rather than file a substantive response, Plaintiff instead filed a Notice of Voluntary Dismissal, (Dkt. 66), tacitly acknowledging that there is simply no way for Plaintiff to avoid the controlling authority in *Miller* and *Fox*. Therefore, the dismissal should be final and with prejudice. *See, e.g.*, *Williams v. Jackson Park SLF, LLC*, 19-cv-8198, Dkt. 45 (N.D. Ill. Dec. 4, 2020) (after plaintiff filed a "Notice of Voluntary Dismissal" in view of *Dakkota*, the court dismissed a union-represented plaintiff's claims under sections 15(a), (b), and (d) of BIPA with prejudice as preempted by the LMRA).

WHEREFORE, Defendant Dakkota Integrated Systems, LLC respectfully requests the Court to dismiss Plaintiff's lawsuit with prejudice.

4831-1916-2326

Dated: January 7, 2021                                     Respectfully submitted,

                                            **DAKKOTA INTEGRATED SYSTEMS, LLC**

                                      By:   */s/ Jonathon M. Studer*

                                              Melissa A. Siebert (*masiebert@shb.com*)
                                              Erin Bolan Hines (*ehines@shb.com*)
                                              Jonathon M. Studer (*jstuder@shb.com*)
                                              SHOOK, HARDY & BACON LLP
                                              111 South Wacker Drive
                                              Chicago, Illinois 60606
                                              Tel: (312) 704-7700
                                              Fax: (312) 558-1195

## CERTIFICATE OF SERVICE

I, Jonathon M. Studer, an attorney, hereby certify that on January 7, 2021, I caused the foregoing to be filed with the clerk of court using the Court's CM/ECF system, which will serve electronic notice upon all parties of record.

*/s/ Jonathon M. Studer*

4831-1916-2326

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3**
**Eastern Division**

Raven Fox

                           Plaintiff,

v.                                                    Case No.: 1:19–cv–02872
                                                                  Honorable Charles P. Kocoras

Dakkota Integrated Systems, LLC

                           Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, January 20, 2021:

      MINUTE entry before the Honorable Charles P. Kocoras: Considering Plaintiff's Notice of Voluntary Dismissal (Dkt. #[66]) and Defendant's Response (Dkt. #[67]), the Court dismisses this case with prejudice. Civil case terminated. It is so ordered. Mailed notice(vcf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# EXHIBIT C

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.3.3
### Eastern Division

Roxanne Brewton
                Plaintiff,

v.                                             Case No.: 1:20−cv−07017
                                            Honorable Manish S. Shah

First Student, Inc
                Defendant.

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, April 20, 2021:

       MINUTE entry before the Honorable Manish S. Shah: This case is dismissed with prejudice for want of prosecution. See Fed. R. Civ. P. 41(b). Plaintiff was ordered to show cause why the case should not be dismissed for want of prosecution and plaintiff's counsel has lost contact with plaintiff, notwithstanding diligent efforts to try to contact her. Plaintiff has abandoned this litigation. A dismissal with prejudice is the default rule under Rule 41(b) and plaintiff's counsel offers no reason to deviate from the default rule. No class has been certified so only the plaintiff's individual claim is before the court. The dismissal operates as an adjudication on the merits and defendant is the prevailing party entitled to recover costs under Rule 54(d). Plaintiff's counsel skirted close to the line of a sanctionable failure to conduct a reasonable investigation before filing suit, but the court concludes that counsel did not cross it. Counsel had some reason to file suit based on the information apparently provided by plaintiff, and while the Stephan Zouras firm seems to have done a bad job vetting the case at the outset, the court does not think the work was so sloppy to be in bad faith or vexatious. Counsel should have pulled back when defendant pointed out the potential problems with naming First Student as a defendant and when plaintiff herself stopped communicating with counsel in February 2021. But the court concludes that counsel's conduct was, like the pre−suit investigation, poor but not in bad faith or deserving of the harsh penalty of sanctions. Suffice it to say that the case reflects poorly on the firm and all three attorneys who entered appearances on behalf of plaintiff. The motion to dismiss [11] and motion to strike class allegations [14] are denied as moot. The motion for sanctions and to dismiss [25] is denied in part as to sanctions and denied as moot as to dismissal. Enter judgment and terminate civil case. Notices mailed. (psm, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.